Ernesto SAUCEDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00439–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 3, 1988.

Vincent Callahan, San Antonio, for appellant.

Amado Abascal, III, Dist. Atty., Eagle Pass, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

### OPINION

CANTU, Justice.

Appellant was indicted by a Maverick County Grand Jury on August 25, 1986, of multiple offenses arising out of a single transaction. The indictment contained five separate counts.[1]

The first count alleged aggravated sexual assault by contact of appellant's sexual organ with the sexual organ of a child younger than 14 years of age. TEX.PENAL CODE ANN. §§ 22.011(a)(1)(C) and 22.021(5).[2] *See now* TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(iii) and (a)(2)(B), *amended* by Acts 1987, eff. Sept. 1, 1987.

The second count alleged aggravated sexual assault (sodomy). TEX.PENAL CODE ANN. §§ 22.011(a)(1)(A) and 22.021(5), *See now* TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B), *amended* by Acts 1987, eff. Sept. 1, 1987.

The third count alleged indecency with a child, TEX.PENAL CODE ANN. § 21.11(a)(1)[3] (Contact by the actor).

The fourth count alleged indecency with a child, TEX.PENAL CODE ANN. § 21.11(a)(1) (causing victim to contact actor).

The fifth count alleged indecency with a child, TEX.PENAL CODE ANN. § 21.11(a)(2)[4] (sexual exposure).

Following a bench trial, appellant was found guilty of counts one, three, four and five and his punishment was assessed at confinement with concurrent sentences of five years (count one), ten years and a $2,500.00 fine (count three), five years (count four), five years (count five).

Appellant raises eight points of error including challenges to the sufficiency of the evidence in support of each conviction, charges of ineffective representation by counsel and other claimed error.

We address his seventh point of error first.[5]

Point of error seven reads:

THE INDICTMENT ALLEGING FIVE SEPARATE COUNTS OF FIVE DIFFERENT SEXUAL FELONY OFFENSES ARISING OUT OF ONE TRANSACTION IS FUNDAMENTALLY DEFECTIVE AND IN VIOLATION OF *Callins v. State*, 726 S.W.2d 555 (Tex.Crim.App.1986); Article 21.24(a), TEXAS CODE OF CRIMINAL PROCEDURE; *Cunningham v. State*, 726 S.W.

---

1. All parties have repeatedly referred to a five count indictment. Hereinafter we will show that the State intended to allege two counts consisting of two paragraphs and three paragraphs respectively.

2. TEX.PENAL CODE ANN. § 22.011(a)(1)(C) provided:
   (a) a person commits an offense if the person:
   (1) intentionally or knowingly:
   \* \* \* \* \* \*
   (C) causes the sexual organ of another person who is not the spouse of the actor; without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; ...
   TEX.PENAL CODE ANN. § 22.021(5) aggravated the offense if:
   the victim is younger than 14 years.

3. TEX.PENAL CODE ANN. § 21.11(a)(1) provides:

   (a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
   \* \* \* \* \* \*
   (1) engages in sexual contact with the child;
   ...

4. TEX.PENAL CODE ANN. § 21.11(a)(2) provides:
   (a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
   \* \* \* \* \* \*
   (2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

5. The State has not filed a brief in response to the claims of error raised by this appeal.

2d 151 (Tex.Crim.App.1987); DOUBLE JEOPARDY PROHIBITIONS OF ARTI-CLE I, SECTIONS 9 AND 10, TEXAS CONSTITUTION; AND THE FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION.

We note that counsel for appellant complained to the court immediately prior to sentencing in language sufficiently clear to apprise the trial court of the alleged infirmity.

Recently in *Fortune v. State,* 745 S.W.2d 364 (Tex.Crim.App.1988), in *Holcomb v. State,* 745 S.W.2d 903 (Tex.Crim.App.1988) and in *Keimig v. State,* 753 S.W.2d 400 (Tex.Crim.App.Del.1988), the Court of Criminal Appeals reviewed and clarified the law of joinder.

The two basic rules governing joinder are:

(1) the State may allege more than one offense in a single charging instrument if the offenses constitute the repeated commission of the same property offense under Title 7 of the Penal Code. *See* TEX.CODE CRIM.PROC.ANN. art. 21.-24.[6]

(2) the State may not allege more than one non-property offense in a single charging instrument regardless of the number of the transactions involved. *See* TEX.CODE CRIM.PROC.ANN. art. 21.24 and TEX.PENAL CODE ANN. § 3.01.[7]

■ The second rule has been interpreted to mean that two or more offenses may be joined in a single charging instrument only when it is the repeated commission of the same property offense. It follows that a single charging instrument may not:

(1) allege more than one non-property offense;

(2) allege statutorily different property offenses, or

(3) allege one property and one non-property offense.

*Fortune v. State, supra,* at 367; *Holcomb v. State, supra,* at 905.

■ Another rule we think applicable to the instant case is TEX.CODE CRIM. PROC.ANN. art. 21.24(b) which reads:

A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.

In such cases no election is required if there is evidence supporting each of the various allegations of the same offense. *Crocker v. State,* 573 S.W.2d 190 (Tex. Crim.App.1978).

■ We now reexamine the indictment in this cause. Several things are clear. All of the allegations arise out of a single incident occurring on the same date and involving the same complainant, that is, the same transaction.

Counts one and two both alleged aggravated sexual assault (§§ 22.011(a)(1)(C), 22.-021(5)). However, count one alleged a contact offense, while count two alleged a penetration offense. Thus, it is clear that both counts were intended as separate paragraphs charging the same offense. *See* TEX.CODE CRIM.PROC.ANN. art. 21.24(b).

Counts three and four both alleged indecency with a child. (§ 21.11(a)(1)). Count three, however, alleged a sexual contact by appellant upon the complainant, while count four alleged a sexual contact by

---

**6.** Two or more offenses may be joined in a single indictment, information or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

**7.** In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses. As *amended* by Acts 1987, 70th Leg., ch. 387, § 1, eff. Sept. 1, 1987.

Section 3.01 previously read:

In this chapter, "criminal episode" means the repeated commission of any one offense defined in Title 7 of this Code (Offenses Against Property).

causing the complainant to make contact with the sexual organ of the appellant. Again both counts are in effect intended as paragraphs charging the commission of one offense, said to have been committed in different manners. TEX.CODE CRIM. PROC.ANN. art. 21.24(b).

Count five also alleged indecency with a child. (§ 21.11(a)(2)). Thus, count five is but an effort to once again allege a different manner of committing the same offense as was alleged in counts three and four.

There is no prohibition against placing in a charging instrument what was denominated as counts three, four and five. In fact, Article 21.24(b) specifically provides for such aggregation. The problem, as we see it, is the joinder of counts one and two with three, four and five.

Such practice is specifically condemned in *Fortune, Holcomb* and *Keimig.* That multiple convictions may not be had from a single indictment, regardless of whether the offenses arose out of the same or different transactions is now crystal clear. It follows that convictions for more than one offense alleged in a single indictment are void. *Fortune v. State, supra,* at 370.

We are, therefore, required to set aside all convictions but one. As a matter of practice, and now by specific approval, the Court of Criminal Appeals has affirmed the offense of which the defendant was convicted first or the offense that was alleged first in the indictment. *See Holcomb v. State, supra,* at 908.

In the instant cause, aggravated sexual assault as alleged in count one of the indictment is also the first offense of which appellant stands convicted. We will affirm this conviction if it passes muster under appellant's sufficiency challenge. All other convictions are ordered dismissed.[8]

Appellant's point of error number seven is sustained.

We now address appellant's point of error number one which challenges the suffi-ciency of the evidence to support his conviction for aggravated sexual assault by contact.

The germane count of the indictment alleged, in pertinent part:

... on or about the 4th day of May A.D.1986, * * * did then and there intentionally and knowingly sexually assault *R.A.,* by causing the sexual organ of *R.A.,* a person not the spouse of Ernesto Saucedo, and without *R.A.'s* consent, to contact the sexual organ of the said Ernesto Saucedo, and the said *R.A.,* was then and there younger than 14 years of age; ...

Appellant makes no specific challenge to any deficiency in the proof supporting the conviction. Rather, he points to numerous, alleged, conflicts in the testimony and concludes that any rational trier of fact would have exhibited reasonable doubt based upon the conflicts and upon the exculpatory evidence raised through testimony of good reputation and character. Such is not the test we are bound to apply.

We are required to look at all the evidence in the light most favorable to the prosecution and must consider whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

It is irrelevant whether this Court thinks that defense evidence outweighs the State's evidence or whether we would have reached a different result. *Horne v. State,* 749 S.W.2d 74 (Tex.Crim.App.1988); *Combs v. State,* 643 S.W.2d 709 (Tex.Crim.App. 1982). The question to be answered is whether there is any evidence that establishes guilt beyond a reasonable doubt which the trial court, in this case, could have believed? We think there is.

■ The complainant, a twelve year old at the time of the crime, testified that on May 4, 1986, a Sunday, he was riding his bicycle in front of his Eagle Pass home when the appellant, his math and history

---

**8.** The trial court acquitted appellant of aggravated sexual assault under count two of the indict-ment.

teacher, drove by, turned around and stopped to converse with him.

Appellant invited the complainant to go by his house if he had a chance to do so, then drove off. Later that afternoon the complainant rode his bicycle over to appellant's house where they watched a baseball game on TV for about 15 minutes in the appellant's bedroom.

Shortly thereafter, appellant requested that the complainant pull his pants down. Because of fear, the young boy complied with the request. There followed a series of sexual acts including touching of penises and attempted anal intercourse.

The following testimony we believe sufficiently meets the proof required to support the charge and the resulting conviction.

Q: What happened next, R?

A: Then we got on each other's side, on the right side. And I was on my right side and he was on his left. And he made me touch—he rubbed both of our penises.

Q: How did he rub them?

A: With his hands.


or


Q: Okay, but were you—did he rub them separately how was it that he rubbed it?

A: He put them together.

Q: He put your penis together with his penis?

A: Yes, sir.

The testimony of the complainant makes out a complete case of aggravated sexual assault. *Cf. Tyra v. State,* 534 S.W.2d 695 (Tex.Crim.App.1976) [indecency with a child]; *Bryant v. State,* 685 S.W.2d 472 (Tex.App.—Fort Worth 1985, pet. ref'd). Appellant's point of error number one is overruled.

Point of error number six alleges that appellant was denied effective assistance of counsel at the guilt phase of the trial when his counsel failed to inform appellant that a finding of guilt by the court on either count one or two of the indictment would neces-

sarily preclude the court from considering appellant's motion for probation.

Following a waiver of arraignment on September 22, 1986, twenty-two pretrial motions were filed by trial counsel, including various motions seeking discovery and pretrial depositions of State's witnesses. By January 26, 1987, counsel for appellant was notifying the trial court that he had had full compliance by the State's attorney with discovery requests and was interested in a bench trial at the earliest opportunity.

On March 10, 1987, appellant filed his application for probation. Thereafter on April 8, 1987, appellant executed and filed his jury waiver. Trial to the court commenced on the same day.

The standards for evaluating a claim of ineffective assistance of counsel have been enunciated by the Supreme Court of the United States in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).

> The Supreme Court in *Strickland* noted:
> ... When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.... A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance ... [T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

104 S.Ct. at 2064–66.

In order to show prejudice resulting from ineffective assistance of counsel "a defendant must show that there is a reasonable probability that but for counsel's unprofessional error, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington, supra* at 2068.

In judging the effectiveness of counsel's assistance, a reviewing court looks to the totality of the representation as of the time of trial, not through hindsight. *Bridge v. State*, 726 S.W.2d 558, 571 (Tex.Crim.App. 1986).

■ Appellant's sole complaint is that trial counsel failed to advise him that he would not be eligible for probation if he was convicted by the trial curt of either counts one or two, charging aggravated sexual assault. *See* TEX.CODE CRIM. PROC.ANN. art. 42.12, § 3g(a)(1)(C).[9]

Appellant's dissatisfaction with counsel's performance is, therefore, limited to a single isolated act or omission. Whether this single act or omission prejudiced appellant and whether appellant has demonstrated the reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different depends upon the facts revealed by the record.[10]

At a hearing on appellant's motion in arrest of judgment, appellant testified that he did not know that if he was convicted of aggravated sexual assault he would not be eligible for probation from the trial court. He further claimed that trial counsel did not advise him that he could have received consideration for probation from a jury had he not waived a jury.

The State did not call any witnesses on the motion but instead engaged in the following colloquy:

[By State's Attorney] Q: Mr. Saucedo are you aware that your former attorney, Mr. Ramon's position is that he did advise you that you would not be eligible for probation if you were convicted on the first count of the indictment in this case?

[Defense Counsel] Mr. Callahan: Just a minute, sir. I respectfully object to that on the basis that it calls for a hearsay response. Although we are in pursuit of justice, I am not opposed to that. I object to the form of the question because it calls for hearsay.

Never mind, Your Honor, I withdraw the objection, please answer the question.

THE COURT: Proceed.

Q: Are you aware that Mr. Ramon's position is that he did tell you that you would not be eligible for probation if you were convicted on the first count of the indictment in the trial of the court?

A: Okay. Right now I am aware that he—that that is what he is saying, yes. Now what he says is a different story.

Recently in *Medeiros v. State*, 733 S.W. 2d 605 (Tex.App.—San Antonio 1987, no pet.), this Court reversed a conviction for aggravated sexual assault because the defendant waived a jury trial upon advice of trial counsel without the benefit of knowledge that a jury waiver precluded consideration for probation by the trial court in the event of a conviction for an aggravated offense listed in TEX.CODE CRIM.PROC. ANN. art. 42.12, § 3g(a)(1). In *Medeiros*, the trial attorney admitted that he had not informed his client of the prohibition against probation in the event of conviction because he was not aware that the probation statutes prohibited the accused from receiving probation from the trial court. *See also Gallegos v. State*, 756 S.W.2d 45 (Tex.App.—San Antonio 1988) [wherein counsel knew of the statutory prohibition

---

9. Art. 42.12, § 3g(a)(1)(C) provides:
    (a) The provisions of sections 3 and 3c of this Article do not apply:
    (1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:
       *     *     *     *     *     *
    (C) Section 22.021 (aggravated sexual assault)

Sections 3 and 3c spell out the authority of a trial court to grant probation.

10. Normally, an isolated instance of alleged ineffectiveness is not sufficient to sustain a claim of ineffective assistance of counsel. *Johnson v. State*, 629 S.W.2d 731 (Tex.Crim.App.1981); *Ex parte Ewing*, 570 S.W.2d 941 (Tex.Crim.App. 1978).

but failed to advise his client that his application for probation was meaningless].

We are of the opinion that the instant case does not fall into the same category as the foregoing cases. Whether appellant was in fact informed of the prohibition before he filed his jury waiver was a disputed question of fact for the trial court to resolve. We cannot say that the trial court clearly erred in refusing to believe appellant's testimony. Nor was the application for probation from the trial court an exercise in futility. Appellant stood charged with an indictment subjecting him to possible conviction for several offenses, some of which were not on the prohibited list and of which the trial court could grant probation in the event an acquittal was obtained on the aggravated offenses.

While it is true that the indictment could not, as we now know, legally charge more than one offense, still counsel cannot be faulted for not anticipating the law which was not clarified until the Court of Criminal Appeals handed down *Fortune* and *Holcomb*.[11]

We hold that the performance of trial counsel, when measured against the totality of the representation, does not fall below the acceptable range of professional competence. The record reflects vigorous representation and advocacy on behalf of appellant as well as adequate pretrial preparation and discovery. We overrule appellant's claim of ineffective assistance of counsel.

■ In his final point of error, appellant complains that the trial court committed error in refusing to permit him to withdraw his jury waiver.

On June 19, 1987, more than two months following trial on the guilt/innocence phase, appellant appeared for sentencing and urged to the court his "Motion to Withdraw Jury Waiver After Verdict but Prior to Sentence." Without the benefit of testimony, appellant sought to convince the trial court that the previously filed jury waiver was not intelligently and voluntarily entered into. The trial court treated the motion as a prematurely filed motion for new trial and overruled it. No further effort was made to urge the claimed error until July 17, 1987, when appellant urged his "Motion in Arrest of Judgment."

We think the trial court did not err in overruling appellant's request to withdraw his jury waiver inasmuch as the motion was not timely made and in any event was not supported by proof requiring the trial court to act on the motion.

Moreover, we do not think that a defendant can execute a jury waiver, await the outcome of a bench trial, and then exhibit displeasure that his chances were not taken before a jury instead. In the instant case, appellant had already accepted the benefit of an acquittal on the most serious of charges against him before a jury trial was sought to be resurrected. We overrule appellant's sixth point of error.

The judgment of conviction is reformed to show a conviction for aggravated sexual assault as alleged in the first count of the indictment. As reformed the judgment is affirmed.

---

11. *Morse v. Texas*, 691 F.2d 770 (5th Cir.1982) [There is no general duty to anticipate changes in the law].

Moreover, the Texas Court of Criminal Appeals has itself contributed to the confusion on the law of joinder. *See* historical discussion on joinder in *Fortune v. State, supra.* Now that the dust has settled, *Fortune* and *Holcomb* provide clear guideposts for the bench and bar in this area.