NO. 07-01-0161-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 4, 2001

______________________________

JEAN B. BARNARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 8 OF HARRIS COUNTY;

NO. 1032176; HONORABLE NEEL RICHARDSON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following a plea of not guilty, appellant Jean B. Barnard was convicted by a jury of a class A misdemeanor assault and fined $500 after being charged by information of assault by kicking complainant Stacey Hall with her foot.  By two issues, appellant contends (1) the court erred in submitting a jury charge which gave the jury no guidance on what conduct would constitute criminal assault by contact and (2) the evidence was insufficient to convict her of assault by contact.  Based upon the rationale expressed herein, we affirm.

On November 22, 2000, appellant went inside a resale store to ask for directions.  While in the store, she noticed a television displayed with a sale price of only $10.  When she decided to purchase the televison, she placed it on the checkout counter and continued to shop for other items.  At that time, complainant, who was working as the checkout clerk, was on her break.  While appellant was browsing in the store, the manager noticed complainant and other employees watching the television.  After complainant told the manager that the television was working well because she had fixed a button on it and it would get all channels, the manager summoned the supervisor to re-price it.

When appellant returned to the checkout counter, complainant told her that the price had been raised to $15.  Appellant became angry and said she was taking the television for $10.  Appellant was told that she could not take it and complainant placed the television behind the counter.  Appellant went behind the counter to get the television and complainant grabbed her and pushed her away.  According to the testimony of complainant and other witnesses, appellant kicked complainant and another employee came across the counter to restrain her.  During the struggle, appellant’s shirt was torn and she received scratches on her arm while being restrained.  When appellant broke free, she took the television to her car and was followed by the manager.  She threw $10 at the manager when told she must pay for the set and remained at the scene until police arrived.  Following her arrest, appellant was charged with misdemeanor assault.  The complaint alleged that she unlawfully, intentionally, and knowingly caused bodily injury to Stacey Hall, by kicking complainant with her foot.  Following her plea of not guilty, a jury found appellant guilty of the lesser included offense of assault by contact and assessed a fine of $500.00.

By her first issue, appellant contends the trial court erred in submitting a jury charge which gave the jury no guidance as to what conduct would constitute criminal assault by contact.  We disagree.  In order to preserve error for appellate review, a party must make a timely request, objection, or motion and obtain a ruling by the trial court.  Tex. R. App. P. 33.1(a).  During trial, appellant’s counsel objected to the submission of the lesser included offense of assault as follows:

Judge, the only objection I have is to the inclusion of the State’s request of the lessor (sic) included offense of an assault by contact.  My objection is that it’s simply not supported by the evidence.

Appellant did not object to the submission of the lesser included offense on any other grounds.  Because appellant’s issue on appeal does not comport with her objection in the trial court, the issue presents nothing for review.  Knox v. State, 934 S.W.2d 678, 687 (Tex.Cr.App. 1996).  Issue one is overruled. 

By her second issue, appellant contends the evidence is insufficient to support the conviction.  We disagree.  Even though appellant does not expressly indicate that her challenge is to the legal and factual sufficiency of the evidence, because she argues that the evidence is both legally and factually insufficient, we will consider both challenges.  In this review, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), 
overruled on other grounds
, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under 
Jackson
, we may proceed with a factual sufficiency review.  
Clewis
, 922 S.W.2d at 133.  The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); 
see also
 King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  Accordingly, we will reverse the fact finder’s determination only if a manifest injustice has occurred.  
Johnson
, 23 S.W.3d at 12.  In conducting this analysis, we may disagree with the jury’s determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder.  
See
 Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Before determining whether the evidence legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove.  Assault by contact requires a showing that appellant intentionally or knowingly caused physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.  Tex. Pen. Code Ann. § 22.01(a)(3) (Vernon 1994).  Appellant’s admission at trial that she hit complainant in the chest in her efforts to remove the television from the store is alone sufficient evidence to satisfy the legal sufficiency standard when taken in the light most favorable to the prosecution.  Saucedo v. State, 756 S.W.2d 388, 391 (Tex.App.--San Antonio 1988, no pet.).

Moreover, complainant testified that appellant grabbed her by the throat and kicked her in the chest.  Appellant’s argument focuses on whether appellant was the initial aggressor and that she was entitled to react under a theory of self defense.  However, it is irrelevant whether we think this evidence is outweighed by that of the State because any evidence is sufficient to establish legal sufficiency when taken in a light most favorable to the prosecution.  
Saucedo
, 756 S.W.2d at 391.  Furthermore, one officer testified that the push from complainant was a defensive push which would not warrant reaction under a self defense theory.  In addition, appellant should have know that the conduct was offensive when she proceeded to forcefully take the television after being told she could not have it.  Therefore, we conclude the evidence is legally sufficient.

Finding that the evidence is legally sufficient, we now review the evidence to determine if the evidence is factually sufficient to support the jury verdict. In addition to other witnesses, appellant, complainant, the store manager, and another clerk testified about the events and the struggle between appellant and complainant.  Among other things, complainant and other witnesses stated that appellant kicked the gate open behind the counter, hit one cashier and complainant, and then removed the television from the store.  Although the testimony is conflicting, the evidence is not so weak as to undermine our confidence in the jury finding of guilt.  Appellant’s second issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.