

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,790

### EX PARTE ARTHUR LEE BURTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NUMBER 760321-B FROM THE FROM 338TH
### DISTRICT COURT OF HARRIS COUNTY

**Per curiam. HOLCOMB, J., filed concurring a opinion. PRICE, J., concurred. JOHNSON, J., dissented.**

## O P I N I O N

In 1998, a jury found Arthur Lee Burton guilty of capital murder and sentenced him to death. On October 8, 1998, while housed on death row, Burton was interviewed by prison sociologist J.P. Guyton as part of a routine "classification interview." During the interview, Guyton asked Burton why he committed the murder. In response, Burton said, "Just something I couldn't help."

In 2001, we affirmed Burton's conviction on direct appeal but vacated the sentence

and remanded the cause to the trial court for a retrial on punishment.[1]

On retrial, the State introduced, and the trial judge admitted, the statement that Burton made to Guyton explaining why he committed the murder. Based on the jury's answers to the special issues, Burton was sentenced to death for a second time on September 6, 2002.

Burton appealed, alleging, among other things, that the trial judge violated his rights under the Fifth Amendment to the United States Constitution by admitting the statement he made to Guyton.[2] We held that Burton failed to preserve this claim for appellate review.[3] And after overruling Burton's remaining points of error, we affirmed his death sentence.[4]

On December 1, 2003, Burton filed an application for a writ of habeas corpus challenging the validity of the punishment retrial on four grounds. On November 7, 2007, we filed and set Burton's second ground for review—that his trial counsel rendered ineffective assistance for failing to properly object to Guyton's testimony under the Fifth Amendment. On December 4, 2007, the State filed a "Motion Requesting Clarification of Court's November 7, 2007 Order." Consequently, on December 19, 2007, we ordered the parties to submit briefs addressing the following issues:

---

[1] *Burton v. State*, No. AP-73,204 (Tex. Crim. App. Mar. 7, 2001) (not designated for publication).

[2] *Burton v. State*, No. AP-73,204 (Tex. Crim. App. May 9, 2004) (not designated for publication).

[3] *Id.* at *6.

[4] *Id.* at *8.

(1) whether all questions asked and answers or statements obtained in a classification interview are admissible in court, or whether some questions asked and answered or statements obtained can exceed the scope of a permissible classification interview and become products of custodial interrogation;

(2) whether the question of why applicant committed the instant crime exceeded the permissible scope of the classification interview and became custodial interrogation; and

(3) whether applicant's counsel performed deficiently when he failed to specifically object to the testimony on this basis at trial.[5]

On June 18, 2008, we remanded the case for the trial judge to consider evidence and hear arguments relevant to "custody"[6] and Guyton's status as a state agent[7] for purposes of the Fifth Amendment.

The trial judge returned the case to us on December 31, 2008. After thoroughly reviewing the parties' briefs, the trial judge's findings of fact and conclusions of law, as well as the relevant case law, we cannot fault Burton's trial counsel for failing to object. This particular underlying Fifth Amendment issue is unsettled; therefore, counsel cannot be found

---

[5] *Ex parte Burton*, AP-75,790 (Tex. Crim. App. Dec. 19, 2007) (not designated for publication).

[6] *See Herrera v. State*, 241 S.W.3d 520 (Tex. Crim. App. 2007).

[7] *See Estelle v. Smith*, 451 U.S. 454 (1981); *Wilkerson v. State*, 173 S.W.3d 521 (Tex. Crim. App. 2005).

deficient under the facts involved here.[8]  Relief is therefore denied.


DATE ISSUED: April 1, 2009
DO NOT PUBLISH

---

[8]  *See Ex parte Chandler*, 182 S.W.3d 350, 359 (Tex. Crim. App. 2005) (citing *Ex parte Welch*, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998); *Vaughn v. State*, 931 S.W.2d 564, 567 (Tex. Crim. App. 1996); *Calderon v. State*, 950 S.W.2d 121, 133 (Tex. App.—El Paso 1997, no pet.); *Saucedo v. State*, 756 S.W.2d 388, 393-94 (Tex. App.—San Antonio 1988, no pet.)).