IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,790






EX PARTE ARTHUR LEE BURTON, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NUMBER 760321-B FROM THE FROM 338TH 

DISTRICT COURT OF HARRIS COUNTY





 Per curiam. Holcomb, J., filed concurring a opinion. Price, J., concurred. 
Johnson, J., dissented. 


O P I N I O N



 In 1998, a jury found Arthur Lee Burton guilty of capital murder and sentenced him
to death. On October 8, 1998, while housed on death row, Burton was interviewed by prison
sociologist J.P. Guyton as part of a routine "classification interview." During the interview,
Guyton asked Burton why he committed the murder. In response, Burton said, "Just
something I couldn't help." 

 In 2001, we affirmed Burton's conviction on direct appeal but vacated the sentence
and remanded the cause to the trial court for a retrial on punishment. (1) 

 On retrial, the State introduced, and the trial judge admitted, the statement that Burton
made to Guyton explaining why he committed the murder. Based on the jury's answers to
the special issues, Burton was sentenced to death for a second time on September 6, 2002. 

 Burton appealed, alleging, among other things, that the trial judge violated his rights
under the Fifth Amendment to the United States Constitution by admitting the statement he
made to Guyton. (2) We held that Burton failed to preserve this claim for appellate review. (3) 
And after overruling Burton's remaining points of error, we affirmed his death sentence. (4) 

 On December 1, 2003, Burton filed an application for a writ of habeas corpus
challenging the validity of the punishment retrial on four grounds. On November 7, 2007,
we filed and set Burton's second ground for review--that his trial counsel rendered
ineffective assistance for failing to properly object to Guyton's testimony under the Fifth
Amendment. On December 4, 2007, the State filed a "Motion Requesting Clarification of
Court's November 7, 2007 Order." Consequently, on December 19, 2007, we ordered the
parties to submit briefs addressing the following issues:

(1) whether all questions asked and answers or statements
obtained in a classification interview are admissible in court, or
whether some questions asked and answered or statements
obtained can exceed the scope of a permissible classification
interview and become products of custodial interrogation;


(2) whether the question of why applicant committed the instant
crime exceeded the permissible scope of the classification
interview and became custodial interrogation; and 


(3) whether applicant's counsel performed deficiently when he
failed to specifically object to the testimony on this basis at
trial. (5)

 On June 18, 2008, we remanded the case for the trial judge to consider evidence and
hear arguments relevant to "custody" (6) and Guyton's status as a state agent (7) for purposes of
the Fifth Amendment. 

 The trial judge returned the case to us on December 31, 2008. After thoroughly
reviewing the parties' briefs, the trial judge's findings of fact and conclusions of law, as well
as the relevant case law, we cannot fault Burton's trial counsel for failing to object. This
particular underlying Fifth Amendment issue is unsettled; therefore, counsel cannot be found
deficient under the facts involved here. (8) Relief is therefore denied.


DATE ISSUED: April 1, 2009

DO NOT PUBLISH
1. Burton v. State, No. AP-73,204 (Tex. Crim. App. Mar. 7, 2001) (not designated
for publication).
2. Burton v. State, No. AP-73,204 (Tex. Crim. App. May 9, 2004) (not designated
for publication). 
3. Id. at *6.
4. Id. at *8.
5. Ex parte Burton, AP-75,790 (Tex. Crim. App. Dec. 19, 2007) (not designated for
publication).
6. See Herrera v. State, 241 S.W.3d 520 (Tex. Crim. App. 2007).
7. See Estelle v. Smith, 451 U.S. 454 (1981); Wilkerson v. State, 173 S.W.3d 521
(Tex. Crim. App. 2005).
8. See Ex parte Chandler, 182 S.W.3d 350, 359 (Tex. Crim. App. 2005) (citing Ex
parte Welch, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998); Vaughn v. State, 931 S.W.2d
564, 567 (Tex. Crim. App. 1996); Calderon v. State, 950 S.W.2d 121, 133 (Tex.
App.--El Paso 1997, no pet.); Saucedo v. State, 756 S.W.2d 388, 393-94 (Tex.
App.--San Antonio 1988, no pet.)).