**John Clayton HARVEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–429CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 1984.

Rehearing Denied June 14, 1984.

Casey O'Brien, Houston, for appellant.

Don Clemmer, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

MURPHY, Justice.

This is an appeal from a conviction for aggravated robbery pursuant to Tex.Penal Code Ann., § 29.03(a)(2) (Vernon 1974). Punishment was assessed at ten (10) years confinement in the Texas Department of Corrections.

In his sole ground of error, appellant contends that he was denied effective assistance of counsel. This contention is based on the fact that counsel erroneously advised the appellant that he was eligible for a probated sentence upon a conviction for aggravated robbery.

The evidence adduced at trial reveals that appellant's counsel was seeking probation from the trial court as illustrated by his filing of an application for probation and by his subsequent argument in favor of a probated sentence at the punishment phase of the trial. It is undisputed that appellant did not receive errorless counsel because a conviction for aggravated robbery precludes the possibility of a probated sentence from the court. TEX.CODE CRIM.PRO.ANN. art. 42.12 § 3f(a)(1)(E) (Vernon 1979).

The test to be applied in determining whether counsel provided constitutionally satisfactory services is the "reasonably effective assistance," not errorless assistance of counsel. *Ex parte Duffy,* 607 S.W.2d 507, 513 (Tex.Crim.App.1980). In applying this standard, the adequacy of an attorney's services must be gauged by the totality of the representation of the accused. *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim.App.1981). Thus, the determination of such question must turn upon the particular circumstances of each individual case.

In the instant case, the appellant's only complaint about his counsel's representation is that counsel advised him that he was eligible for probation. Appellant claims that had he been properly advised by counsel that a conviction for aggravated robbery precluded the possibility of a probated

sentence, he would have elected to be sentenced by a jury rather than by the court. Considering the totality of the representation afforded appellant, we reject appellant's claim of ineffective assistance of counsel.

The decision as to who assesses punishment in any criminal case is a matter of trial strategy. *Harris v. State*, 629 S.W.2d 805, 806 (Tex.App.—Houston [14th Dist.] 1982, no pet.). We are not in a position to second guess, through appellate hindsight, the strategy adopted by counsel at trial. The fact that another attorney may have pursued a different tactical course is insufficient to support a finding of ineffective assistance of counsel. *Ewing v. State*, 549 S.W.2d 392, 395 (Tex. Crim.App.1977). Furthermore, we have nothing in the record but the appellant's own conclusions based on hindsight as to what he would have done had he known he was ineligible for probation. There is no showing that appellant was harmed by the fact that he was sentenced by the court rather than by a jury.

We hold that appellant has not established that he was denied effective assistance of counsel.

The judgment is affirmed.