Robert MEDEIROS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00054–CR.

Court of Appeals of Texas, San Antonio.

June 3, 1987.

Richard Langlois, San Antonio, for appellant.

Fred G. Rodriguez, Crim. Dist. Atty., Sam Millsap, Former Crim. Dist. Atty., Charles Strauss, Lyndee Ahnstedt, Ray J. Hardy, Jr., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021 (Vernon Supp.1987). After a jury found appellant guilty of the offense charged, the trial court assessed punishment at twenty-five years' confinement.

The record reflects, in the light most favorable to the prosecution, that in the early evening hours of May 18, 1985, the eighteen year old complainant was driving her girlfriend and sister to her girlfriend's house so that her girlfriend could change clothes for the purpose of attending a teenage club that evening.

On the way to her girlfriend's house, complainant's car experienced mechanical problems and stalled along the roadside. Appellant drove up behind them and informed them that he was a mechanic and that he could fix the car.

Appellant advised the complainant that the car needed certain parts. He further informed the three females that only the complainant could accompany him in search of the parts because he had room for only one passenger.

Appellant and the complainant drove to an auto parts store to purchase the part but when they arrived were informed that they needed the make and model of the car. They then returned to complainant's vehicle to obtain the necessary information. The two then went back to the auto parts store and purchased the necessary parts.

During the trip back to complainant's vehicle appellant stopped at a friend's house to obtain water for his car as it was overheating. Appellant then drove to a cemetery, a short distance from where complainant's car was parked, claiming that his car was overheating.

At the cemetery, according to the complainant, appellant compelled her to submit to oral sex and intercourse at knifepoint.

Thereafter, appellant drove the complainant to her vehicle where he proceeded to repair her car. As appellant made the necessary repairs complainant managed to inform her girlfriend and sister that she had been raped. She also notified bystanders, who in turn called the police. When the repairs were completed, appellant requested that complainant sign his book with her name and telephone number indicating that she still owed him for his mechanical services. Thereafter appellant was chased

away from the location by several bystanders.

Appellant, testifying in his own behalf, denied participating in any sexual activities with the complainant. His defense was predicated upon the impossibility of the act because of the time sequences between the various events beginning with the search for parts and the return to the vehicle.

In his sole point of error, appellant alleges that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, Article I, § 10 of the Texas Constitution and TEX.CODE CRIM.PROC.ANN. art. 1.05.

The test for evaluating the effectiveness of counsel in review of a point of error alleging that one was denied effective assistance is set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980) (en banc). The test requires that appellant:

    1. Identify the acts or omissions he alleges are deficient on the part of his attorney and demonstrate that they are not the result of reasonable professional judgment, and

    2. Establish that the acts or omissions so prejudiced him that he was denied a fair trial.

Appellant alleges that his trial counsel's failure to render effective assistance is demonstrated by evidence that counsel opened the door to extraneous offenses during direct examination of appellant when he asked appellant if he had ever been in trouble before, and when on redirect examination he asked appellant if he [appellant] had ever been in serious trouble prior to the date of the offense charged. Appellant alleges that trial counsel compounded the error by conceding to the jury during final argument that he had made a mistake in allowing extraneous offenses before the jury which were prejudicial to him.

Appellant also complains of trial counsel's performance in arguing a defensive theory to the jury during final argument that was contradictory to the defense raised during trial. Trial counsel's performance is also alleged to be deficient because counsel admitted at the hearing on appellant's motion for new trial that he was not aware that the probation statutes prohibited appellant from receiving probation from the trial court. It is argued that appellant was not intelligently informed that by electing that the court assess punishment he would not be eligible for probation.

■ The State's response is that a decision as to who will assess punishment in a criminal case is a matter of trial strategy and that an erroneous choice is insufficient to demonstrate ineffectiveness. *See Harvey v. State,* 681 S.W.2d 646 (Tex.App.— Houston [14th Dist.] 1984, pet. ref'd). However, an attorney's admitted lack of knowledge of the probation laws cannot supply the basis for an informed decision concerning assessment of punishment. *See e.g., Ex parte Burns,* 601 S.W.2d 370 (Tex. Crim.App.1980) (en banc); *Ex parte Bratchett,* 513 S.W.2d 851 (Tex.Crim.App. 1974); *Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Crim.App.1974).

In the instant case, a jury could have assessed punishment at a term of years between 5 and 99 years or life. TEX.PENAL CODE ANN. § 12.32 (Vernon Supp. 1987). It could also have recommended probation. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3a(a) (Vernon Supp.1987). The trial court, however, could not grant probation. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g (Vernon Supp.1987). Thus, by electing to have the court assess punishment, appellant lost the right to consideration of a probated sentence.

■ The record reflects that trial counsel did not inform appellant that he could not be granted probation if the jury did not assess punishment. It further reveals that trial counsel was not aware that the trial judge could not grant probation. Thus, the record affirmatively establishes that appellant was not effectively assisted by his counsel in this regard. Trial counsel's assistance and advice cannot be characterized

as an exercise of reasonable professional judgment.

At the trial appellant maintained that he did not commit an aggravated sexual assault. In support of his defense he testified about his activities on the day in question in an attempt to illustrate that there could not have been enough time during which he could have committed the offense charged. Trial counsel, nevertheless, during jury argument, informed the jury that if appellant had indeed engaged in a sexual encounter with the complainant it was with her consent. Appellant argues that this theory not only was not raised as a defense during trial, but that it is in direct conflict with the defensive theory raised.

■ Our review of the record indicates that trial counsel did not actually concede during final argument that appellant had indeed had sexual relations with the complainant. Rather, it appears that counsel was attempting to explain to the jury that the complainant's actions, such as giving her telephone number to the appellant after the rape allegedly occurred, was more consistent with conduct of one who had consented to sexual activity rather than that of a victim. Although such argument in all likelihood did not enhance appellant's defense, we find that no prejudice resulted from the argument alone. Trial counsel was merely attempting to explain the elements of the offense and the burden of proof required of the State, which he claimed was not met.

■ Appellant's final example of claimed ineffectiveness of trial counsel involves the admission of evidence of extraneous offenses. During direct examination of appellant, the following questioning occurred:

[DEFENSE COUNSEL]:

Q: Mr. Medeiros, have you ever been in trouble before in your life?

A: Yes, I have.

Q: Serious trouble?

A: No, sir.

Q: Have you ever been convicted of a felony before?

A: No, sir.

Outside the jury's presence the State informed the trial court that appellant was under indictment for indecent exposure and had been charged with theft as a juvenile. The State sought to introduce evidence of these extraneous offenses, claiming that appellant had opened the door to admission. The State sought to introduce such evidence to show that appellant was not "lily white" as implied during direct examination. The trial court permitted the State to ask appellant about the indecent exposure charge but not about the juvenile theft offense.

On cross-examination, appellant explained that he was arrested for indecent exposure after he had been charged with the aggravated sexual assault. He also explained that he had told the jury that he had never been in serious trouble because he thought his attorney meant prior to the pending charge.

After lengthy objections, the State was permitted to ask appellant whether he had been convicted of theft in 1979. Appellant admitted that he had been arrested, but insisted that the case had been dismissed. On redirect examination, appellant was again asked if had been in serious trouble prior to the offense charged. He replied that he did not consider it serious at the time.

During final argument, trial counsel stated:

> You are going to read something on the five pages of this charge that concerns the extraneous offense, which is what—that was qualified yesterday. It was gotten into the record, because the Defense attorney made a mistake and they allowed—in general, the rule is, they don't allow extraneous offenses in because it's prejudicial. It does say, though, on the fifth page that you are instructed—let's go on. 'You will not consider, discuss, mention or elude talking about the extraneous offense to the same in any manner, but pass upon the guilt or innocence of this defendant only on the evidence which has been submitted to you from the witness stand in this case.'
>
> In other words, that's not to be considered—and it's not generally. Like I

say, the law says you can't admit that kind of evidence. It was admitted. Again, I made a mistake and it was admitted. But it is not to be considered in this case as any evidence of guilty or not guilty.

Appellant alleges that the evidence concerning extraneous offenses was prejudicial to his defense, but fails to point to harm, if any, that resulted from admission of the evidence. Although evidence of extraneous offenses is generally not admissible to show the defendant's character, appellant fully explained the other charges. Further, the charge of the court instructed the jury that they were not to consider the evidence for any purpose other than to judge the credibility of the appellant and the weight to be given his testimony. As no prejudice is shown, this instance of alleged ineffectiveness of counsel alone is not sufficient to require reversal.

However, our finding that trial counsel's failure to properly advise appellant of the effect of electing punishment by the court rather than by the jury because he lacked the knowledge to aid in an informed election, requires that this cause be reversed. Moreover, the cumulative shortcomings of trial counsel's total performance reinforces our decision. The judgment of the trial court is reversed and the cause is remanded for new trial.