**Santiago A. GALLEGOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00566–CR.**

Court of Appeals of Texas,
San Antonio.

July 27, 1988.

Rehearing Denied Aug. 30, 1988.

Harry A. Nass, Jr., Morris Collins, San Antonio, for appellant.

Fred G. Rodriguez, Phylis West, Mario Bordini, Ilse D. Bailey–Graham, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment or conviction in an aggravated sexual assault of a child case. *See* TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (Vernon Supp. 1988). We reverse.

Appellant was charged by indictment with the felony offense of aggravated sexual assault of a child. Trial was to a jury upon his plea of not guilty. The jury found him guilty of the offense charged. Appellant waived a jury and elected to go the court for punishment. Accordingly, because of the provisions of TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g(a)(1) (Vernon Supp.1988), the trial court denied his timely filed application for probation and assessed his punishment at eight (8) years confinement. Appellant's motion in arrest of judgment and motion for new trial were overruled and denied by the court, resulting in this appeal. Appellant's twelve points of error on appeal present us with three general issues, namely: the sufficiency of the evidence, the constitutionality of art. 42.12, § 3g(a)(1), and denial of effective assistance of trial counsel.

In his first four points of error appellant contends that: (1) the evidence is insufficient to sustain the conviction; (2) he was deprived of equal protection and due process guaranteed under the fourteenth amendment to the United States Constitution, (3) he was deprived of liberty, privileges and immunities without due course of law as guaranteed by Article I, Section 19 of the Constitution of Texas, and (4) the trial court entered an invalid judgment and sentence in violation of art. 42.01, § 1(14), VACCP, all because of the lack of proof of a date certain of the commission of the offense. Appellant argues that under the

evidence adduced at trial the jury could not have found proof of guilt beyond a reasonable doubt as required by the due process clause of the fourteenth amendment nor could the trial court enter a valid judgment of conviction.

The indictment in this case is sufficient as a charging instrument. All of the facts necessary to constitute the offense of aggravated sexual assault of a child are contained within the allegations of the indictment. The allegation in the indictment regarding the date of the commission of the offense gives the month, date and year, i.e.: "on or about May 28, 1985," would allow appellant to plead it in bar of a subsequent prosecution for the same offense of a new indictment alleging the same offense to have been committed on May 28, 1985.

■ Under the indictment in this case the State was not required to prove that the offense was committed on the exact date alleged in the indictment. It is well settled that a conviction may be had upon proof that the offense was committed any time prior to the filing of the charging instrument that is within the period of limitation for that offense. TEX.CODE CRIM. PROC.ANN. art. 21.02 (Vernon 1966); *Ex Parte Alexander,* 685 S.W.2d 57 (Tex.Crim. App.1985). The limitation period for the offense of aggravated sexual abuse is five years. *See* TEX.CODE CRIM.PROC.ANN. art. 12.01(3)(C) (Vernon Supp.1988). The indictment in this case was presented and filed on March 12, 1986. Accordingly, the limitation period applicable to the offense charged in the case before us is five years anterior to the presentment of the indictment. It is undisputed that the presentment of the indictment in this case occurred March 12, 1986. The State's burden, therefore, was to prove only the offense charged occurred during the time period after March 12, 1981 and prior to March 12, 1986. The testimony establishes that the offense occurred on more than five occasions each well within this time period, i.e.: sometime between the beginning of February 1985 and the end of June, 1985.

■ Additionally, the record reflects no request by appellant that the state elect one of the separate acts upon which it was relying for a conviction. Having so failed, appellant has waived the complaint that he now argues on appeal of a denial of a meaningful opportunity to defend against the charge. *See Esquivel v. State,* 595 S.W.2d 516 (Tex.Crim.App.1980); *Crocker v. State,* 573 S.W.2d 190 (Tex.Crim.App. 1978). We also agree with the State that since no election was made by the State of any of the five or more separate acts, each of which constituted a separate offense, a plea of former conviction will afford appellant more protection than he would otherwise be entitled to with respect to a double jeopardy claim in a subsequent prosecution based on any of the acts proved, it being uncertain for which one of the acts the conviction was had. *See Espinoza v. State,* 638 S.W.2d 479 (Tex.Crim.App.1982). Appellant's points of error one, two, three and four are overruled.

Next, we address appellant's points of error nine through twelve all of which raise the issue of denial of effective assistance of counsel.

The test for evaluating the effectiveness of trial counsel in review of a point of error that an appellant was denied effective assistance is set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Ex Parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980). The test requires that an appellant:

(1) Identify the acts or omissions he alleges are deficient on the part of his attorney and demonstrate that they are not the result of reasonable professional judgment, and;

(2) Establish that the acts or omissions so prejudiced him that he was denied a fair trial.

Appellant's complaint in these points of error of ineffective assistance of counsel are based on the fact that neither the trial court nor his trial counsel informed him that his waiver of a jury at the punishment stage of his trial prohibited him from receiving probation from the trial court under the provisions of art. 42.12, § 3g(a)(1).

■ Appellant's contentions regarding the duty of the trial court to so inform him and oversee the performance of his trial counsel are without merit. The court had no duty to advise appellant that when his counsel filed the motion for probation and subsequently the jury waiver at the punishment phase, his counsel had filed legally inconsistent motions. Appellant's points of error nine and ten are overruled.

■ With regards to appellant's contention that his trial counsel was ineffective we are of the opinion that appellant has met both prongs of the *Strickland* test.

In *Medeiros v. State,* 733 S.W.2d 605 (Tex.App.—San Antonio 1987, no pet.) a case not unlike the instant case, this court reversed a conviction for aggravated sexual assault. In that case trial counsel admitted that he was not aware that the probation statutes prohibited the accused from receiving probation from the trial court. Further, trial counsel did not inform the accused that he could not be granted probation if the jury did not assess punishment. By electing to have his punishment assessed by the court, the accused lost his right to consideration of a probated sentence. This court refused to characterize trial counsel's assistance and advice as an exercise of reasonable professional judgment; found that the record affirmatively established that the accused was not effectively assisted by his counsel and reversed the conviction stating that an attorney's admitted lack of knowledge of the probation laws cannot supply the basis for an informed decision concerning assessment of punishment. *Medeiros v. State* at 607.

In the case before us trial counsel did not admit to lack of knowledge of the probation laws. Trial counsel stated that he knew that the court could not grant probation but that he did not tell appellant because it did not occur to him. The State argues that while trial counsel's failure to advise appellant of the trial court's inability to grant him probation "may be considered an error on the part of the trial counsel ... it does not rise to the level of reversible error under the Strickland standard."

■ A lawyer should exert his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations. State Bar of Texas, Ethical Considerations on Code of Professional Responsibility EC 7–8; *Ex Parte Wilson,* 724 S.W.2d 72, 74 (Tex. Crim.App.1987). An attorney's failure to give competent advice to a defendant which would promote an understanding of the law in relation to the facts and which would permit an informed and conscious choice is error. *See Ex Parte Morse,* 591 S.W.2d 904, 905 (Tex.Crim.App.1980). Regardless of the reason for failure to inform, an uninformed accused cannot be deemed to have made an informed election. In the case before us we hold trial counsel's error not to be an exercise of reasonable professional judgment and that such error so prejudiced the appellant that he was denied a fair trial. Accordingly, we disagree with the State and sustain appellant's points of error eleven and twelve.

Our disposition of appellant's points of error eleven and twelve is dispositive of this appeal. Accordingly, we do not address appellant's points of error five through eight.

The judgment of conviction is reversed and this cause is remanded to the trial court for a new trial consistent with the provisions of TEX.CODE CRIM.PROC. ANN. art. 44.29(b) (Vernon Supp.1988).

DIAL, J., dissents.

DIAL, Justice, dissenting.

I respectfully and emphatically dissent.

*Medeiros* is patently distinguishable from the case at bar because counsel there admitted he was not aware that the probation statutes prohibited the accused from being granted probation by the court. In the present case, counsel knew the law but did not explain it to his client.

The majority equates a failure to comply with the State Bar's Code of Professional Responsibility with deficient performance. Assuming arguendo that it was deficient conduct amounting to unreasonable error, the appellant must show that the conduct

actually had an adverse effect on the outcome of the case.

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.

*Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The defendant (appellant) has the clear burden to affirmatively prove prejudice. *Strickland* at 693, 104 S.Ct. at 2067. In what was an obvious exercise of sound trial strategy, trial counsel deemed it propitious to let the judge rather than the jury set the punishment. The jury could have assessed punishment at life or any term of not more than 99 years or less than 5 years. The trial judge actually assessed punishment at 8 years, 3 years above the minimum. We know not how much more the jury would have given.

The appellant has not overcome the presumption of sound trial strategy and has not shown that but for counsel's alleged unprofessional error, the result of the proceeding would have been different. *Strickland*, 406 U.S. at 694, 104 S.Ct. at 2068. The majority falls into the very trap that *Strickland* cautions us to avoid that of second-guessing, particularly when counsel's strategy may well have been successful.

Since on remand, the trial court need only conduct the punishment phase (TEX. CODE CRIM.PROC.ANN. art. 44.29(b), *as amended* acts 1987, 70th Leg., ch. 179, § 1, eff. Aug. 31, 1987), it will be interesting if the accused requests a jury to set his punishment. That will establish for the first time if trial counsel's conduct was deficient.