Douglas v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-233-CR

     DONALD RAY DOUGLAS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 6295
                                                                                                    

O P I N I O N
                                                                                                    

      Donald Ray Douglas was convicted of burglary of a habitation and was sentenced to life
imprisonment. On appeal, Douglas complains that he was denied the effective assistance of
counsel as the result of his trial counsel's failure to seek a plea-bargain offer from the state and
as the result of the cumulative trial errors, committed by his attorney. We affirm the judgment.
      The proper standard for attorney performance is that of reasonably effective assistance. 
Strickland v. Washington, 466 U.S. 668, 687 (1984). To succeed on his claims of ineffective
assistance of counsel, Douglas must show that counsel's representation was deficient. See id. 
Further, Douglas must show that his attorney's deficient performance prejudiced his defense. See
id. In determining if counsel's representation was deficient, the court must consider whether
counsel's assistance was reasonable considering all the circumstances. Id. at 688. Every effort
must be made to eliminate the distorting effects of hindsight. Id. at 689. The court must
reconstruct the circumstances of counsel's challenged conduct and evaluate the conduct from
counsel's perspective at the time. Id. Douglas must overcome the presumption that counsel's
conduct "might be considered sound trial strategy." See id. In demonstrating that his defense was
prejudiced by his attorney's errors, Douglas must prove that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would have been different. 
See id. at 694.
      In point one, Douglas contends that his attorney's failure to seek a plea-bargain offer from the
prosecutor constituted ineffective assistance of counsel. Once a plea offer is made by the
prosecutor, the failure of counsel to convey the offer to the defendant constitutes ineffective
assistance of counsel. See Ex Parte Wilson, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987). The
defendant cannot make a fully informed decision regarding the trial without knowing about the
plea offer. Id. Douglas argues that this same logic applies when counsel does not seek a plea
offer, because the defendant cannot make a fully informed decision regarding all options available. 
No authority is cited for this argument. While defense counsel has a duty to inform his client of
plea agreements proffered by the prosecution, there is no duty to request a plea offer from the
prosecutor. See id. Therefore, failure to seek a plea offer does not constitute ineffective
assistance of counsel. Furthermore, Douglas did not point to any prejudice resulting from his
attorney's failure to request a plea-bargain agreement. Douglas told his attorney that he was not
going to plead guilty, no matter what. He also stated that if there was a plea-bargain offer, he
would have turned it down. Therefore, even if counsel's failure to seek a plea-bargain agreement
was not reasonable under the circumstances, the deficient conduct did not result in prejudice to
Douglas. Point one is overruled.
      In point two, Douglas complains that, due to his attorney's cumulative errors, he was denied
the effective assistance of counsel. The errors asserted are that: (1) counsel requested that the
court proceed with voir dire of the jury though Douglas was absent during the prosecution's voir
dire; (2) counsel waived the making of a record of the voir dire; (3) counsel never cross-examined
the complaining witness regarding the differences between his testimony and his statement,
specifically his identification of Douglas at trial and his identification of the person in his house
as a "Douglas boy"; (4) counsel failed to object to the prosecutor's questions regarding the photo
lineup; (5) counsel failed to object to the photo lineup as being too suggestive, due to the fact that
it did not contain photos of other "Douglas boys"; (6) counsel waived the making of a record of
the final arguments; (7) counsel failed to investigate the possible defenses given to him by Douglas
that one of his brothers may have been wearing Douglas' coat and committed the burglary; (8)
counsel failed to consult with Douglas prior to trial regarding his election as to who would assess
punishment; (9) counsel called Douglas to the stand during the punishment phase over Douglas'
objection.
      We need not address whether the conduct of Douglas' attorney was reasonable under the
circumstances because Douglas failed to allege any specific prejudice that resulted from his
attorney's alleged errors. Douglas merely points to the fact that he was convicted of the offense
and given the maximum punishment allowed by law. He also stated that he was hindered in his
appeal by his attorney's waiving the making of a record of the jury selection and jury argument. 
It is not enough for Douglas to show that the errors had some conceivable effect on the outcome
of the proceeding. See Strickland, 446 U.S. at 693. Douglas has not met his burden of presenting
a record to support his claims of ineffective assistance of counsel. See Hernandez v. State, 726
S.W.2d 53, 59 (Tex. Crim. App. 1986). Douglas had the opportunity to assert the effect of the
errors into the record at the time of his motion for new trial. He failed to do so. Mere assertions
in an appellate brief, unsupported by evidence in the record, will not be considered on appeal. 
Rice v. State, 789 S.W.2d 604, 607 (Tex. App.—Dallas 1990, no pet.).
      The last two subparts of the second point of error concern ineffective assistance of counsel
during the punishment phase. Douglas complains that: (1) counsel failed to consult with Douglas
regarding his election as to who would assess punishment prior to trial; and (2) counsel called
Douglas to the stand in the punishment phase of the trial over Douglas' objection. The test for
effectiveness of counsel in the punishment phase of a non-capital offense is, first, whether counsel
was reasonably likely to render effective assistance, and second, whether counsel reasonably
rendered effective assistance. Ex parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990). 
Counsel need not be errorless and is not judged by hindsight. Ex parte Felton, 815 S.W.2d 733,
735 (Tex. Crim. App. 1991). 
      Douglas was not denied the effective assistance of counsel by his attorney's failure to consult
with him prior to trial regarding his election as to who would assess punishment. The record
states that Douglas' attorney explained the consequences of the election to Douglas the day before
trial and directly prior to Douglas' election. Therefore, his attorney did not fail to consult with
him prior to trial regarding his election as to who would assess punishment. 
      Douglas was also not denied the effective assistance of counsel by calling Douglas to the stand
during the punishment phase of trial. This decision was a matter of trial strategy. We are not in
a position to second guess such strategy. See Harvey v. State, 681 S.W.2d 646, 648 (Tex.
App.—Houston [14th Dist.] 1990, no pet.). An error in trial strategy will be deemed inadequate
representation only if counsel's actions are without any plausible basis. Ex parte Burns, 601
S.W.2d 370, 372 (Tex. Crim. App. 1980). Douglas' attorney stated that he put Douglas on the
stand to tell his side of the story because there were no other witnesses. This is a plausible basis
for the trial strategy and, therefore, was adequate representation. Point two is overruled.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 31, 1993
Do not publish