IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-342-CR




ROGELIO FERNANDEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0915029, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault of a child. Tex. Penal
Code Ann. § 22.021 (West 1989). The district court assessed punishment at imprisonment for
twenty-eight years.

 The indictment alleged that on or about April 5, 1990, appellant sexually assaulted
a child younger than fourteen years of age by penetrating the anus of the child with his penis and
finger, by contacting the anus of the child with his penis, and by contacting the child's sexual
organ with his mouth. Penal Code § 22.021(a)(1)(B)(i), (iii), (iv) & (a)(2)(B). (1) The testimony
of the complaining witness, together with that of his mother and other witnesses, supports the
conclusion that the assaultive conduct took place between December 1989 and April 1990, when
the boy, his mother, and appellant were living together in an apartment on Daphney Street in
Austin. The district court instructed the jury that 


the State is not required to prove the exact date alleged in the indictment, but may
prove the offense, if any, to have been committed at a time prior to the
presentment of the indictment, so long as said offense, if any, occurred within 10
years of the date of the presentment of the indictment.



In his two points of error, appellant contends the limitation period for sexual assault of a child is
five years, not ten years as the district court instructed, and that the evidence is legally insufficient
to prove beyond a reasonable doubt that the offense was committed within the limitation period. 
 

 Any offense titled "aggravated" carries the same limitation period as the primary
crime. Tex. Code Crim. Proc. Ann. art. 12.03(d) (West Supp. 1994). The limitation period for
sexual assault under section 22.011(a)(2) of the Penal Code is ten years. Tex. Code Crim. Proc.
Ann. art. 12.01(2)(D) (West Supp. 1994). Penal Code section 22.011(a)(2) defines the offense
of sexual assault of a child. Tex. Penal Code Ann. § 22.011(a)(2) (West Supp. 1994). Penal
Code section 22.021(a)(1)(B) is identical to section 22.011(a)(2) and, together with section
22.021(a)(2), defines the offense of aggravated sexual assault of a child. Applying article 12.03,
the limitation period for aggravated sexual assault of a child is the same as the limitation period
for sexual assault of a child: ten years. Point of error two is overruled. (2)

 Appellant contends the jury could not rationally find beyond a reasonable doubt that
the offense took place prior to the presentment of the indictment and within the limitation period
because the date of presentment was not in evidence. This contention assumes that the quoted jury
instruction conditioned appellant's conviction on a jury finding that the indictment was presented
within the prescribed time period. Appellant cites no pertinent authority to support this
assumption. We believe the instruction merely explained to the jury that the State was not bound
to prove that the offense occurred on the precise date alleged in the indictment. Appellant did not
contend at trial that the prosecution was barred by the statute of limitations. See State v. Yount,
853 S.W.2d 6, 8 (Tex. Crim. App. 1993) (limitation is a waivable defense). In the absence of
any issue requiring the jury to determine when the indictment was presented, evidence of the date
of presentment was not required.

 The indictment, a copy of which appears in the transcript, was presented by the
grand jury empaneled at the October 1991 term of the 147th District Court and bears a file mark
dated October 31, 1991. From the testimony, a rational trier of fact could find beyond a
reasonable doubt that the sexual assaults took place between December 1989 and April 1990. 
Because the record conclusively demonstrates that the crime for which appellant was convicted
was committed before the indictment was presented and that the prosecution was not barred by
limitation, point of error one is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 1, 1994

Do Not Publish
1. In a second count, the indictment accused appellant of engaging in sexual contact with the
child. Tex. Penal Code Ann. § 21.11 (West 1989). Having found appellant guilty of aggravated
sexual assault, the jury, pursuant to the district court's charge, did not return a verdict on this
count.
2. Appellant relies on the opinion in Gallegos v. State, 756 S.W.2d 45, 47 (Tex. App.--San
Antonio 1988, pet. ref'd). The indictment in that case, however, was presented in March 1986,
before the 1987 amendment of article 12.01 that extended the limitation period for sexual assault
of a child to ten years. Compare Act of May 17, 1985, 69th Leg., R.S., ch. 330, § 1, 1985 Tex.
Gen. Laws 1393 (Tex. Code Crim. Proc. Ann. art. 12.01, since amended) with Act of May 31,
1987, 70th Leg., R.S., ch. 716, § 1, 1987 Tex. Gen. Laws 2591 (Tex. Code Crim. Proc. Ann.
art. 12.01, since amended).