NUMBER 13-06-230-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MATTHEW LEASAU, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 264th District Court of Bell County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 A jury found appellant, Matthew Leasau, guilty of indecency with a child. (1) Pursuant
to appellant's election, the trial court sentenced him to five years' imprisonment. In a single
issue, appellant contends he was denied effective assistance of counsel because counsel
failed to inform him that his election to have the trial court assess punishment precluded
the possibility of community supervision. We affirm. 

Background


 The victim, a sixteen-year-old neighbor of appellant, testified that she was walking
home one night when appellant called her over, pushed her up against a wall, and forcibly
kissed her and fondled her breasts and genitals. Appellant pleaded "not guilty" and filed
a pre-trial application for community supervision, which serves as an election for the jury
to assess punishment. (2) However, prior to the commencement of voir dire, appellant's
counsel announced that appellant wished to change his election and have the trial court
assess punishment. The trial court questioned appellant, and appellant confirmed that he
wished to have the court assess punishment. The jury found appellant guilty and the court
assessed punishment. Appellant contends he was denied effective assistance because
his counsel failed to advise him that the trial court could not consider imposing community
supervision if the jury found him guilty. (3) 

Standard of Review and Applicable Law

 Claims alleging ineffective assistance of counsel are evaluated under the familiar
standard of Strickland v. Washington, (4) which requires that the defendant prove: (1) that
counsel's representation or advice fell below objective standards of reasonableness; and
(2) the result of the proceeding would have been different but for trial counsel's deficient
performance. (5) The defendant bears the burden of proving this claim by a preponderance
of the evidence. (6) In order for an appellate court to find trial counsel ineffective, "[a]ny
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." (7) Generally, when the record is silent
as to counsel's motivations for tactical decisions, an appellant cannot overcome the "strong
presumption that counsel's conduct was reasonable." (8) "In the majority of cases, the record
on direct appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel's actions." (9) Unless the challenged conduct was "so outrageous that no competent
attorney would have engaged in it," appellate courts will not speculate in order to find trial
counsel's reasoning or strategy rendered his performance deficient. (10) Analysis

 Appellant has failed to show either prong of Strickland: (1) that his counsel's
representation fell below an objective standard of reasonableness, or (2) but for his
counsel's errors, there is a reasonable probability that the outcome of the trial would have
been different. (11) Appellant simply asserts that because "the record is silent" as to whether 
counsel advised him of the consequences of having the judge impose punishment, "there
is no indication" and "it does not appear" that counsel did so. In support of his argument,
appellant cites Gallegos v. State, 756 S.W.2d 45, 48 (Tex. App.-San Antonio 1988, pet.
ref'd). We find Gallegos distinguishable. In Gallegos, the San Antonio Court found
counsel ineffective for failing to advise the defendant that his waiver of a jury at the
punishment stage prohibited him from receiving probation from the trial court. (12) However,
in Gallegos, the defendant's "counsel stated that he knew that the court could not grant
probation but that he did not tell appellant because it did not occur to him." (13) In the present
case, there is nothing in the record establishing that appellant's trial counsel failed to
advise appellant of the consequences of electing that the trial court impose punishment. 
The record does not contain a motion for new trial, and there is no affidavit from appellant's
trial counsel explaining his actions or inactions. 

 Here, the acts or omissions complained of do not appear in the record. (14) Because
the record is silent regarding counsel's alleged failure to advise appellant, it is insufficient
to overcome the strong presumption that counsel's conduct was reasonable. (15) We
overrule appellant's sole issue and affirm the trial court's judgment. 


 

 LINDA REYNA YAÑEZ,

 Justice


Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed 

this the 5th day of July, 2007.
1. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003).
2. See Tex. Code Crim. Proc. Ann. art. 37.07, §2(b) (Vernon 2006).
3. See Tex. Code Crim. Proc. Ann. art. 42.12, §3g(a)(1)(C) (Vernon 2006) (stating that provisions for
court-ordered community supervision are inapplicable to certain offenses, including indecency with a child).
4. See Strickland v. Washington, 466 U.S. 668, 686 (1984). 
5. See id. at 688-94; Mata v. State, No. PD-1724-04, 2007 Tex. Crim. App. LEXIS 695, at **5-6 (Tex.
Crim. App. June 6, 2007); Ex parte Nailor, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004). 
6. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
7. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
8. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). 
9. Id. 
10. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).
11. See Strickland, 466 U.S. at 688-94.
12. Gallegos v. State, 756 S.W.2d 45, 48 (Tex. App.-San Antonio 1988, pet. ref'd). 
13. Id. 
14. See Munoz v. State, 24 S.W.3d 427, 434 (Tex. App.-Corpus Christi 2000, no pet.)
15. See Mata, 2007 Tex. Crim. App. LEXIS 695, at *12; Goodspeed, 187 S.W.3d at 392; Mallet, 65
S.W.3d at 63
.