In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00034-CR


____________________



JERRELL WAYNE STANLEY, Appellant



V.


 

THE STATE OF TEXAS, Appellee


 




On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-050339-R 






MEMORANDUM OPINION



 The trial court convicted Jerrell Wayne Stanley of murder committed under the
immediate influence of sudden passion arising from an adequate cause. The trial court
sentenced Stanley to twelve years of confinement and imposed a $1,000 fine. Contending
he was not properly admonished and that he received ineffective assistance of counsel,
Stanley's single issue on appeal challenges the voluntariness of his guilty plea. (1) Stanley
argues: (1) his trial counsel advised him that the trial court would put Stanley on community
supervision; (2) trial counsel misinterpreted Article 42.12, § 3g of the Texas Code of
Criminal Procedure and both failed to ask the trial court to defer a finding of guilt and asked
for regular community supervision rather than deferred adjudication community supervision;
(3) the trial court improperly admonished him for a second degree felony rather than a first
degree felony; and (4) the trial court failed to admonish Stanley on the consequences of a
violation of community supervision. We correct the written judgment to comport with the
trial court's oral pronouncement and affirm the judgment.

 When a defendant enters his plea upon the advice of counsel and
subsequently challenges the voluntariness of that plea based on ineffective
assistance of counsel, the voluntariness of such plea depends on (1) whether
counsel's advice was within the range of competence demanded of attorneys
in criminal cases and if not, (2) whether there is a reasonable probability that,
but for counsel's errors, he would not have pleaded guilty and would have
insisted on going to trial.


Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).


 Stanley entered a guilty plea to the court on an indictment for murder. The State
stipulated, orally and in writing, that Stanley committed the murder under the immediate
influence of sudden passion arising from an adequate cause. The written admonishments
reflected a second-degree-felony punishment range for murder. Stanley filed an application
for community supervision. The trial court orally admonished Stanley on the range of
punishment for a second degree felony and informed Stanley that if his guilty plea were
accepted "that the decision as to your punishment--whether it be 10 years probation and a
$10,000 fine or zero fine or 20 years confinement and a $10,000 fine--will be solely up to me
and it will be my decision alone." After accepting Stanley's plea, the trial court stated "I find
the defendant guilty of the offense of murder in the second degree and will order a pre-sentence investigation." The hearing reconvened after the preparation of the pre-sentence
report. The trial court heard brief testimony from an investigator and the victim's stepfather,
and defense counsel presented letters in support of Stanley's application for community
supervision. The prosecution asked for a twenty-year sentence and defense counsel asked
the trial court for "ten years in prison and ten years probation[.]"

 Stanley retained new counsel and filed a motion for new trial. Trial counsel testified
at the hearing. According to counsel, Stanley would not have entered a guilty plea unless
community supervision was an option. Counsel stated that he "felt [community supervision]
was a very good possibility." He did not tell his client that it was an absolute that he would
get community supervision. Counsel understood that Stanley pled to a section 3g offense for
which the trial court could not grant regular community supervision. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2008). Because he had experience with judges
finding someone guilty and later withdrawing the finding to place someone on deferred
adjudication community supervision, counsel thought Stanley was still probation eligible and
was not concerned when the trial court found Stanley guilty. Counsel stated "I was a little
concerned with the judge's wordings, but I didn't speak up or anything. I thought that's what
he could do." Although he asked for "probation" without specifying the type of supervision
being recommended, counsel testified that he knew he was thinking about deferred
adjudication as opposed to regular community supervision. Counsel claimed that when he
"saw the judge was not taking it back" he "asked for straight probation simply because I
wasn't sure on a second degree involuntary." Nonetheless, counsel understood the available
community supervision to be deferred adjudication. Counsel claimed he went over deferred
probation "numerous times" with his client and that Stanley understood.

 Stanley testified that counsel "told me he felt sure that I was going to receive
probation." He would not have taken the offer if probation were not a valid part of the offer. 
Stanley admitted counsel told him that the judge might "give you time, but he didn't see it." 
He admitted that neither counsel nor the trial judge told him he was absolutely going to
receive community supervision.

 The appellant's wife testified that Stanley would not have pled had he known he could
not receive community supervision from the court, but would have gone to trial. It was her
understanding that Stanley could get community supervision even after he pled guilty. She
thought community supervision was "a big possibility."

 On appeal, Stanley compares his case to a San Antonio case in which trial counsel
failed to inform his client that he could not receive probation if he elected to have the trial
court assess punishment after a jury found him guilty of aggravated sexual assault. See
Medeiros v. State, 733 S.W.2d 605, 607 (Tex. App.--San Antonio 1987, no pet.). In
Medeiros, deferred adjudication was not a possibility because the appellant pled not guilty
to the jury. Id. at 606; see Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp.
2008). Here, Stanley filed an application for community supervision and pled guilty to the
court. The trial court may place a defendant who pleads guilty to a 3g offense on deferred
adjudication community supervision. See State v. Mungia, 119 S.W.3d 814, 818 (Tex. Crim.
App. 2003); see also Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2008);
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2008).

 We must defer to the trial court's resolution of historical facts developed in the
hearing on motion for new trial. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App.
2004), superseded on other grounds by Rule as stated in State v. Herndon, 215 S.W.3d 901,
905 n.5 (Tex. Crim. App. 2007). Here, counsel's request for "ten years in prison and ten
years probation" is some evidence that counsel was referring to regular rather than deferred
adjudication community supervision. Although an inference could be drawn that counsel
was always referring to regular community supervision because he believed Stanley would
be eligible for it, Stanley was eligible for deferred adjudication community supervision at the
time he entered his plea even if he pled guilty to a 3g offense. Acting as the finder of fact
in the hearing on motion for new trial, the trial court could find credible counsel's testimony
that counsel had actually recommended that Stanley be placed on deferred adjudication
community supervision.

 We are unpersuaded by Stanley's argument that he was convicted in the first hearing
and therefore not eligible for community supervision at the time of sentencing. "[T]he
decision of the court in a unitary trial is not fixed until it renders judgment on guilt and
punishment after all the evidence and arguments have been heard." Barfield v. State, 63
S.W.3d 446, 451 (Tex. Crim. App. 2001); see also Garza v. State, 212 S.W.3d 503, 506-07
(Tex. App.--Austin 2006, no pet.); State v. Sosa, 830 S.W.2d 204, 205 (Tex. App.--San
Antonio 1992, pet. ref'd) (trial court had authority to withdraw its finding of guilt from
previous hearing and permitted defendant to substitute guilty plea and apply for deferred
adjudication community supervision).

 The trial court could have placed Stanley on community supervision. Even if counsel
mistakenly believed regular community supervision were a possibility, his mistake did not
prejudice the defense because Stanley was eligible for deferred adjudication. Stanley
testified he did not distinguish between regular and deferred adjudication community
supervision; so the trial court could have found that distinction did not affect Stanley's
decision to plead guilty. Moreover, the trial court admonished Stanley that the court could
decide to send Stanley to prison for twenty years and both trial counsel and Stanley agreed
that trial counsel did not tell Stanley that community supervision was a certainty. "A plea
is not rendered involuntary simply because the defendant did not receive the punishment he
hoped for, even if his expectation was the result of something the defendant claims his
lawyer told him." Nicholas v. State, 56 S.W.3d 760, 771 (Tex. App.--Houston [14th Dist.]
2001, pet. ref'd).

 Stanley also argues that his plea was involuntary because the trial court failed to
admonish him on deferred adjudication and failed to admonish him on the punishment range
for a first degree felony. The State stipulated that Stanley committed the murder under the
immediate influence of sudden passion arising from an adequate cause. Accordingly,
Stanley's exposure was for the second degree felony range of punishment. See Tex. Pen.
Code Ann. § 19.02(d) (Vernon 2003). We also note that the written plea admonishments
include a statement regarding the consequences of the violation of any condition of deferred
adjudication community supervision. The admonishments provided in this case did not
render Stanley's plea involuntary, nor was Stanley prejudiced by counsel's failure to object
to the admonishments provided by the trial court. See Brown v. State, 943 S.W.2d 35, 42-43
(Tex. Crim. App. 1997) (failure to admonish about consequences of violation of deferred
adjudication community supervision does not render a plea involuntary absent a showing of
prejudice).

 Stanley has not established that his plea was involuntary. However, the standardized
felony judgment summary on the written judgment states "DEGREE: First" but the reporter's
record shows that the trial court convicted Stanley of a second degree felony. See Tex. Code
Crim. Proc. Ann. art. 42.01, §§ 1(14), 4 (Vernon 2006). The oral pronouncement controls. 
Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). "An appellate court may
correct and reform a trial court judgment to make the judgment congruent with the record." 
St. Julian v. State, 132 S.W.3d 512, 517 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd). 
We therefore reform the judgment to state "DEGREE: Second." See Knight v. State, 581
S.W.2d 692, 694 (Tex. Crim. App. 1979) ("Where this Court has the necessary data and
evidence before it for reformation, the judgment and sentence may be reformed on appeal."). 
We overrule the appellant's issue and affirm the judgment as reformed.

 AFFIRMED AS REFORMED.




 ______________________________

 STEVE McKEITHEN

 Chief Justice

 


Submitted on March 16, 2009

Opinion Delivered April 1, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The trial court granted permission to appeal. See Tex. R. App. P. 25.2(a)(2)(B).