# NO. 12-13-00128-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MATTHEW SCOTT MCGRATH,*<br>*APPELLANT* | § | *APPEAL FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Matthew Scott McGrath appeals his conviction for murder, for which he was sentenced to imprisonment for seventy-five years. Appellant raises one issue challenging the voluntariness of his guilty plea. We affirm.

## BACKGROUND

Appellant was charged by indictment with murder. He waived his right to trial by jury and pleaded "guilty" to the offense as charged. The matter proceeded to a trial on punishment.

The evidence showed that the victim, Carl Johnson, was Appellant's seventy-nine-year-old grandfather. According to the testimony of several of Johnson's children, he had a long history of verbally, physically, and sexually abusing his close family members. In August 2012, Appellant moved in with Johnson at age twenty-one to help care for him after his wife died. Johnson verbally abused Appellant while he was living there and within days ordered him out of the home. Soon thereafter, Appellant entered Johnson's home while he was sleeping and fatally shot him.

Ultimately, the trial court sentenced Appellant to imprisonment for seventy-five years. This appeal followed.

Appellant frames his sole issue as a complaint that he received ineffective assistance of counsel that rendered his guilty plea involuntary. In his brief, however, Appellant argues that he wanted to plead guilty, but he would not have waived his statutory right to a jury trial on punishment had he been given competent advice by his attorney.[1] Therefore, we construe Appellant's issue as a complaint that he received ineffective assistance of counsel that rendered invalid his waiver of a jury trial on punishment.

Specifically, Appellant argues that his trial counsel's performance was deficient in that he erroneously believed that Appellant could obtain deferred adjudication community supervision from the judge—but not from a jury.[2] Appellant contends that the record shows there is a reasonable probability that he would not have waived his right to a jury trial on punishment were it not for the erroneous advice of counsel based on this mistaken belief.

**Standard of Review**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a

---

[1] When a defendant pleads guilty to a felony offense, a jury trial on punishment is mandatory unless that right is waived. TEX. CODE CRIM. PROC. ANN. art. 26.14 (West 2009).

[2] Deferred adjudication community supervision was not available to Appellant in this case because he was charged with an offense under Section 19.02 of the Texas Penal Code and the evidence shows that he caused the death of the victim. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(d)(4) (West Supp. 2013). Nor was regular community supervision available from either the judge or a jury. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3g(A), 4(d)(8) (West Supp. 2013).

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068; ***Tong***, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068; ***Tong***, 25 S.W.3d at 712.

Review of a trial counsel's representation is highly deferential. ***Tong***, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ***Strickland***, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. ***Id***.; ***Tong***, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. ***Thompson v. State***, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely is the record on direct appeal sufficiently developed to fairly evaluate the merits of a claim of ineffectiveness. ***Bone v. State***, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. ***Thompson***, 9 S.W.3d at 813. Appellant must prove both prongs of the ***Strickland*** test by a preponderance of the evidence in order to prevail. ***Tong***, 25 S.W.3d at 712.

## Assessment of Punishment

When a defendant pleads guilty to a felony offense, a jury must be empaneled to assess punishment, unless the defendant waives that right in accordance with Article 1.13 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 26.14 (West 2009). In order to waive the right in accordance with Article 1.13, the waiver must be made in person, in writing, in open court, and with the consent and approval of the trial court and the prosecutor. ***Id***. art. 1.13 (West Supp. 2013).

In most cases, when the trial court receives a defendant's guilty plea, it may defer adjudication and place the defendant on community supervision if it finds that such is in the best interest of the defendant and society. *See **id***. art. 42.12 § 5(a) (West Supp. 2013). In a murder case, however, the court may not defer adjudication unless it determines that the defendant did not cause the death of the victim, did not intend to cause a death, and did not anticipate a death occurring. ***Id.*** art. 42.12 § 5(d)(4) (West Supp. 2013).

**Trial Counsel's Performance**

"An attorney has a duty to exert his best efforts to ensure that his client's decisions are based on correct information as to the applicable law." *Garcia v. State*, 308 S.W.3d 62, 73 (Tex. App.—San Antonio 2009, no pet.) (citing *Ex parte Wilson*, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987)). "An attorney's failure to give competent advice to a defendant which would promote an understanding of the law in relation to the facts and which would permit an informed and conscious choice is error." *Gallegos v. State*, 756 S.W.2d 45, 48 (Tex. App.—San Antonio 1988, pet. ref'd) (citing *Ex parte Morse*, 591 S.W.2d 904, 905 (Tex. Crim. App. 1980)).

The record indicates that although the trial court admonished Appellant that he could not receive community supervision, trial counsel continued to believe that deferred adjudication community supervision was an option. At the plea hearing, the trial judge admonished Appellant, "[Y]ou're aware that under Texas law, while it used to be the case, it is no longer the case that if the Court finds you guilty, any term of imprisonment cannot be probated. That means you cannot get probation with this." Appellant indicated that he understood this admonishment and went on to plead guilty to the offense. Later, at the beginning of the sentencing hearing, the trial judge reiterated, "This particular type of case, as we discussed, is not eligible for community supervision, more commonly known as probation; that is, that is not an option."

Despite these admonishments, trial counsel persisted in asking witnesses what might happen if Appellant were placed on community supervision. After he asked the second witness this type of question, the trial judge called the attorneys to the bench. He then voiced his concern that trial counsel was misleading the family members into thinking that Appellant could get community supervision when he could not. Trial counsel responded that he thought the judge could give Appellant deferred adjudication. The judge replied "no," but after further argument from defense counsel, he permitted further questioning on the subject.

At the close of testimony, the trial judge called the attorneys into chambers. There, he pointed out the code provision that made it impossible for him to give Appellant deferred adjudication. Trial counsel then stated as follows:

> I thought [deferred adjudication] was an option. But it was my understanding it was the only option—that the only way I could get there was go to the Court and—if the Court—if the jury found him guilty, I was under the impression the judge could not do it at that point. And that's—I think [the prosecutor] and I discussed it in those terms. And that's why I did what I did.

4

Thus, it is apparent that throughout the proceedings until just after the close of testimony, Appellant's trial counsel was under the mistaken belief that Appellant could receive deferred adjudication in this case, but only from the judge; and that counsel, relying on his mistaken belief, advised Appellant to waive his right to a jury trial on punishment. Therefore, counsel's performance was deficient. *See Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012) (counsel's performance deficient where he gave incorrect advice regarding community supervision); *Medeiros v. State*, 733 S.W.2d 605, 607 (Tex. App.—San Antonio 1987, no pet.) (counsel ineffective where he did not know applicable law regarding community supervision and failed to inform defendant that the trial judge could not give community supervision). Appellant has satisfied the first prong of the *Strickland* test.

## Prejudice

To show prejudice when his claim of ineffectiveness is based on counsel's misunderstanding of the law regarding community supervision, an appellant must establish that he was initially eligible for community supervision, counsel's advice was not part of a valid trial strategy, the appellant chose who would assess his punishment based on counsel's erroneous advice, and the results of the proceeding would have been different if he had been correctly informed of the law. *Recer v. State*, 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991); *Riley*, 378 S.W.3d at 458 (Tex. Crim. App. 2012).

In this case, there is evidence supporting only one of the *Recer* factors. The record shows that counsel's advice was based on his misunderstanding of the applicable law, which is never a valid trial strategy. *See Garcia*, 308 S.W.3d 62, 75. The record does not show, however, that Appellant was initially eligible for community supervision, that his election of the trial judge to assess punishment was based upon counsel's erroneous advice, or that the results of the proceeding would have been different if he had been correctly informed of the law. *See Recer*, 815 S.W.2d at 731-32. Therefore, Appellant has failed to show prejudice and, as a result, has failed to meet the second prong of the *Strickland* test.

## Holding

Because Appellant has satisfied only one prong of the *Strickland* test, he cannot prevail on his ineffective assistance claim. Accordingly, we overrule Appellant's sole issue.

## **DISPOSITION**

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.


**SAM GRIFFITH**
Justice


Opinion delivered April 23, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 23, 2014

### NO. 12-13-00128-CR

**MATTHEW SCOTT MCGRATH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 5331)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*