**Billy Clyde HOWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00107–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 1, 1990.

Discretionary Review Refused
Nov. 21, 1990.

Susan W. Burris, Friendswood, for appellant.

Kelly McClendon, Asst. Dist. Atty., Angleton, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

The Appellant, Billy Clyde Howell, was convicted by a jury of sexual assault of a child and indecency with a child by contact under a two count indictment, enhanced by three prior felony convictions in Florida. The jury assessed punishment at imprisonment for forty years on each count. We affirm.

In Point of Error No. One, Appellant asserts that the indictment, having alleged two separate non-property offenses, is fundamentally defective and only the conviction on the first count may be affirmed, citing in support thereof *Keimig v. State*, 753 S.W.2d 400 (Tex.Crim.App.1988); *Holcomb v. State*, 745 S.W.2d 903 (Tex.Crim. App.1988); *Fortune v. State*, 745 S.W.2d 364 (Tex.Crim.App.1988); and *Saucedo v. State*, 756 S.W.2d 388 (Tex.App.—San Antonio 1988, no pet.).

■ All of these cases were decided at a time when Section 3.01 of the Texas Penal Code defined "criminal episode" to mean "the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."[1] Tex.Code Crim.Pro.Ann. art. 21.24(a) provided then and now: "Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code [Tex.Penal

Code, sec. 3.01]." Effective September 1, 1987, Section 3.01 was amended extensively and now defines "criminal episode" as follows:

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

The obvious intent of the Legislature by amending Section 3.01 was to abrogate the long standing prohibition against charging an accused with more than one non-property offense in a single indictment.

■ The offenses in this case were alleged to have been committed on or about March 15, 1988 and involved the repeated commission of similar offenses with the same complainant, a criminal episode of two offenses under the present Section 3.01 of the Texas Penal Code, which may now be stated in separate counts in a single indictment, as was done in this case, under Tex.Code Crim.Pro.Ann. art. 21.24(a). The first point of error is overruled.

■ In his second point of error, Appellant contends that there was insufficient evidence to prove that he was previously convicted of two felony offenses prior to the commission of the current offenses. During the guilt-innocence stage of the trial, Appellant took the stand and testified in his own behalf. On cross-examination, he was questioned for impeachment purposes about his past felony convictions in Duval County, Florida, including one in April 1974 for carrying a concealed weapon and two on August 2, 1982 for lewd, lascivious or indecent assault or act upon or in the presence of a child. Although a little vague at times about exact dates, Appellant testi-

---

1. Tex.Penal Code Ann. sec. 28.01 et seq.

fied, without objection, about the three convictions with a sufficient degree of certainty as to the offenses, the approximate dates and the time spent in the penitentiary to leave no reasonable doubt about being the same person convicted of the prior offenses. He was then shown State's Exhibit No. 2 which included certified copies of the pen packets for all three convictions. The following exchange took place:

Q. (By Mr. Summa) Mr. Howell, I hand you what's been marked for identification purposes as State's Exhibit No. 2. And I will ask you: Is this your photograph on these, in this—

A. Yes, sir, it is.

Q. —exhibit? Okay. And kind of here, halfway in the middle of this exhibit, there's another photograph. Is this, here, you?

A. Yes, sir.

Q. You're the same Billy Clyde Howell that's referred to in these papers?

A. Yes, sir.

State's Exhibit No. 2 was subsequently admitted into evidence without objection. Failure to object waives any procedural error. Tex.R.Crim.Evid. 103(a)(1).

■ Appellant voluntarily testified in his own behalf. Once a defendant takes the stand, he is subject to the same rules as any other witness; he may be impeached, made to give evidence against himself and cross-examined as to new matters. *Cuellar v. State*, 613 S.W.2d 494, 495 (Tex.Crim. App.1981). Appellant's testimony concerning his prior convictions and identity were proper subjects for impeachment on cross-examination. Tex.R.Crim.Evid. 609(a). Where evidence of prior convictions has been introduced without objection or was legally obtained through impeachment in the guilt phase of a trial, such evidence need not be reintroduced during the punishment phase, and it may be properly considered by the jury in assessing punishment. *Branch v. State*, 445 S.W.2d 756, 758 (Tex.Crim.App.1969); *Brumfield v. State*, 445 S.W.2d 732, 740 (Tex.Crim.App. 1969). In assessing punishment, the jury may consider all of the evidence adduced at trial during the guilt-innocence stage. *De-mouchette v. State*, 591 S.W.2d 488, 491 (Tex.Crim.App.1979). The ways of getting a defendant's prior convictions into evidence is not limited to the four means listed in *Daniel v. State*, 585 S.W.2d 688, 690 (Tex.Crim.App.1979). *Bautista v. State*, 642 S.W.2d 233, 237 (Tex.App.—Houston [14 Dist.] 1982, PDRR). Even so, one of the ways sanctioned in *Daniel* is testimony of a witness who personally knows the defendant and the facts of his prior convictions and identifies him. Since Appellant was a voluntary witness, his testimony concerning his convictions should be more probative than that of some other witness. Point of Error No. Two is overruled.

In Point of Error No. Three, Appellant claims fundamental error in the court's charge on punishment in that the charge does not track the requirements of Tex.Penal Code Ann. sec. 12.42(d) (Vernon Supp. 1990). Since Appellant failed to object to this charge, he recognizes that he has waived all but fundamental error. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1985). A reading of the entire charge brings us to the conclusion that although it could have been more artfully drawn, it is sufficiently clear for a jury to find, or not find, the proper sequence of the prior convictions to meet the requirements of Section 12.42(d) in assessing punishment. We do not find fundamental error in the charge. Appellant's third and final point of error is overruled.

Judgment of the trial court is affirmed.