# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-00-00189-CR
===============

**Bradley Edmonson, Appellant**

**v.**

**The State of Texas, Appellee**

=============================================================================
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 98-2236, HONORABLE TOM BLACKWELL, JUDGE PRESIDING
=============================================================================

Appellant Bradley Edmonson appeals his convictions for sexual assault of a child and indecency with a child by contact. *See* Tex. Penal Code Ann. § 22.011(a)(2)(A), § 21.11(a)(1) (West Supp. 2001).[1] The jury found appellant guilty of the two offenses charged in separate counts of the indictment. By separate verdicts, the jury assessed punishment at seven years' imprisonment on each count but recommended community supervision. The trial court suspended the imposition of the sentences and in one order placed appellant on a single community supervision for seven years subject to certain conditions.

---

[1] The current penal code provisions are cited for convenience. Appellant was prosecuted for sexual assault of a child under Act of May 30, 1977, 75th Leg., R.S., ch. 1031, §§ 1, 2, 1977 Tex. Gen. Laws 3838, 3839; Act of May 28, 1977, 75th Leg., R.S., ch. 1286, § 1, 1997 Tex. Gen. Laws 4911. Appellant was prosecuted for indecency with a child by contact under Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1995 Tex. Gen. Laws 3586, 3616. The current 1999 amendments to the statutes in question left unchanged those provisions under which appellant was prosecuted.

**Points of Error**

Appellant advances two points of error. The first point contends that the trial court erred in authorizing the jury to convict appellant of both sexual assault of a child and indecency with a child by contact. The second point claims that "defense counsel was ineffective in failing to object to a jury charge that improperly authorized the jury to convict appellant of multiple offenses."

Appellant states that the "issue before this Court is whether appellant was properly convicted of both sexual assault and indecency with a child, a lesser included offense, where both offenses involved the same victim and allegedly happened on the same day."

The State counters that the indictment properly charged different statutory offenses in separate counts; that the evidence showed two distinct offenses occurring on different dates which support the jury verdicts; and that no double jeopardy violation is reflected. The State also urges that appellant has not preserved error. *See Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). Even that contention requires some consideration of the claimed error. *Id*. We shall examine appellant's initial point in light of the record.

The thrust of appellant's contentions is that he has been subjected to a multiple punishment type of double jeopardy violation for the same offense. Appellant cites case law but does not expressly cite either the federal or state constitutional provisions. *See* U.S. Const. amends. V, XIV; Tex. Const. art I, § 14. Appellant has waived any state constitutional claim by failing to distinguish the double jeopardy protection guarantee under the state constitution from that of the federal constitution. *See Jackson v. State*, 992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999); *Johnson v. State,* 853 S.W.2d 527, 533 (Tex. Crim. App. 1992); *Muniz v. State*, 851 S.W.2d 238,

2

251 (Tex. Crim. App. 1993); *Queen v. State*, 940 S.W.2d 781, 783 (Tex. App.—Austin 1997, pet. ref'd).

Therefore, our discussion of appellant's contention will be to determine whether there was a double jeopardy violation under the federal constitution. While this Court is bound by the United States Supreme Court's decisions interpreting the scope of the double jeopardy clause of the United States Constitution, the determination of what constitutes an "offense" is largely a matter of state law. *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999) (citing *Iglehart v. State,* 837 S.W.2d 122, 127 (Tex. Crim. App. 1992)). The state legislature has the power to establish and define crimes and "few, if any, limitations are imposed by the double jeopardy clause on the legislative power to define offenses." *Iglehart*, 837 S.W.2d at 127.

The double jeopardy clause of the Fifth Amendment to the United States Constitution embodies three protections: (1) against a second prosecution for the same offense after acquittal; (2) against a second prosecution for the same offense after conviction; and (3) against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Ex parte Broxton,* 888 S.W.2d 23, 25 (Tex. Crim. App. 1994); *Queen*, 940 S.W.2d at 783.

When a defendant is tried in a single trial only the third aspect of the double jeopardy protections against multiple punishments is involved. *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990). Convictions of both the greater inclusive and lesser included offense arising out of the same act violates the multiple punishments prohibition in the double jeopardy clause. *Hutchins v. State*, 992 S.W.2d 629, 632 (Tex. App.—Austin 1999, pet. ref'd untimely filed). It is clear that

3

appellant has attempted to invoke only the multiple punishments protection in his federal constitutional claim.

In light of appellant's contentions, we shall examine the indictment, facts, and the jury charge.

## The Indictment

On its face, the indictment in this cause alleges separate and distinct offenses under different statutes and in separate counts.[2] Two or more offenses may be joined in a single indictment with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in chapter 3 of the Penal Code. *See* Tex. Code Crim. Proc. Ann. art. 21.24(a) (West 1989).

Section 3.01 of the Penal Code provides that:

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstance:

---

[2] The first count of the indictment alleged in pertinent part that appellant on or about the 1st day of September, 1997, "did then and there knowingly and intentionally cause the penetration of the female organ of S.B., a child younger than 17 years of age and not his spouse, by the finger of the said Bradley Edmonson."

The second count of the indictment alleged in pertinent part that appellant on or about the 1st day of September 1997: "did then and there, with intent to arouse and gratify his sexual desire, knowingly and intentionally engage in sexual contact by touching the genitals of S.B., a child younger than 17 years of age and not his spouse."

The applicable statutes are set forth in footnote one.

4

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code Ann. § 3.01 (West 1994).

In *Howell v. State*, 795 S.W.2d 27, 28 (Tex. App.—El Paso 1990, pet. ref'd), the court upheld as the "repeated commission of similar offenses," the joinder in a single two-count indictment of the offenses of sexual assault of a child and of indecency with a child by contact, committed "on or about" the same day with the same child. *See also* 42 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* § 32.15, at 326 (Texas Practice 1995). The instant indictment is in accord with *Howell*, 795 S.W.2d at 28. This manner of pleading separate counts for separate offenses "should be one method of delineating separate offenses from alternative legal theories." *Vick*, 991 S.W.2d at 834.[3]

The indictment also alleges that the offenses occurred "on or about the 1st day of September 1997." In support of his claim of a double jeopardy violation, appellant seizes upon the date alleged to urge that the offenses occurred on the same day and were the same act or transaction.

The use of the "on or about" dates is almost universal in the drafting of indictments and other criminal pleadings. Article 21.02, setting forth the requisites of an indictment, provides in part: "The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitations." Tex. Code Crim. Proc. Ann.

---

[3] This method of pleading undermines any contention of appellant that the instant indictment alleges a primary offense and an alternative legal theory in two counts.

art. 21.02(6) (West 1989).  The "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment or return of the indictment and within the statutory limitation period.  *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *Scoggan v. State*, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990); *Poole v. State*, 974 S.W.2d 892, 901 (Tex. App.—Austin 1998, no pet.).  When an indictment alleges that some relevant event transpired "on or about" a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory limitation period. *Thomas v. State*, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988); *Ferrell v. State*, 968 S.W.2d 471, 473 (Tex. App.—Fort Worth 1998, pet. ref'd) (involving allegations of aggravated sexual assault of a child and indecency with a child); *Stahle v. State*, 970 S.W.2d 682, 694 (Tex. App.—Dallas 1998, pet. ref'd) (same).  The rule has long been established.  *See O'Connell v. State*, 18 Tex. 343, 366 (1857); *State v. Tandy*, 41 Tex. 291, 292 (1874); 41 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* § 20.151 at 285-86) (Texas Practice 1995) (hereinafter Dix); 42 Dix § 31.89 at 195-98.

The instant indictment alleged both offenses occurred "on or about the 1st day of September 1997," but the State was not required to prove that either offense occurred on the specific date alleged.  The indictment was returned on May 20, 1998 and the present statute of limitations for both offenses is ten years from the complainant's eighteenth birthday.  *See* Tex. Code Crim. Proc. Ann. art. 12.01(5) (West Supp. 2001).[4]

---

[4] The current code is cited for convenience.  Actually there are two possible statute of limitation periods applicable in the instant case for both offenses.  If the offenses alleged occurred prior to September 1, 1997, the statutory limitation period is ten years from the date of the

6

## Facts

Having examined the propriety of the indictment to which appellant did not object,[5] we briefly recite the facts essential to appellant's contentions. S.B., the complainant, whose birth date is July 22, 1981, testified that she transferred from one high school to another in Austin; that after this change she began going to her maternal aunt's house in the afternoons after school and continued this practice for approximately one year in 1997; that she preferred this arrangement because of the unsettled conditions at her home and difficulties with her stepfather; that in the late afternoon or early evening each school day she would eventually go home. S.B. related that appellant was married to her aunt.

S.B. explained that each day she visited her aunt's house, appellant gave her marijuana and smoked it with her while they watched television. S.B. reported that she frequently performed chores at the house, such as cleaning, and that appellant gave her $20.00 each time she performed chores.

S.B. related that at first the thirty-year-old appellant engaged in horseplay, wrestling and tickling her; that this escalated into back rubs, into the rubbing of her thighs, her breasts, and her vagina on the top of her clothing; that appellant then went underneath her underwear; that this rubbing or touching was on top of and outside of her vagina and genitals; and that appellant kissed

---

commission of the offense. Act of May 24, 1995, 74th Leg., R.S., ch. 476, § 1, 1995 Tex. Gen. Laws 3195, effective September 1, 1995. If the offenses alleged occurred on or after September 1, 1997, the statutory limitation period is ten years from the eighteenth birthday of the victim of the crime. Act of May 24, 1997, 75th Leg., R.S. ch. 740, § 1, 1997 Tex. Gen Laws 2403, effective September 1, 1997.

[5] *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 2001) (failure to object waives any defect, error, or irregularity to form or substance of indictment).

her breasts. S.B. could not remember how many times appellant touched her vagina underneath her clothing in this manner. During interrogation, she was not pinned down as to dates except that these incidents occurred in 1997.

S.B. did recall that on September 1, 1997, appellant penetrated her vagina with his finger and rubbed her clitoris. She stated that this was the only time he did that. S.B. explained that on this occasion appellant took a shower, then came into the bedroom where she was on the bed watching television; that he had a towel wrapped around his body; that appellant got on the bed, exposed himself, and penetrated her vagina with his finger. S.B. revealed that after this incident, appellant continued to "touch" her "under a dozen" times before she stopped going to her aunt's house probably sometime in December 1997. She was scared her family would not believe her if she told what had happened and would think it was her fault. In the early part of 1998, S.B. talked to her mother abut a magazine article, indicated that she had a problem with appellant but did not go into details. Her mother arranged for her to see a counselor.

Shelly Graham, a licenced professional counselor, testified that S.B.'s mother contacted her in March 1998, feeling that S.B. had "something" to disclose. Graham conducted fifteen sessions with S.B. and learned details about appellant's contact with her. S.B. reported that appellant touched her breasts and vagina two or three times a week during a year and a half period of time; and S.B. described to Graham the incident that occurred on September 1, 1997. Graham described appellant's actions toward S.B. as "grooming."

The State also called as witnesses, an expert on child abuse, S.B.'s mother, a high school band director, an investigative detective, and a custodian of the district attorney's records.

Appellant did not testify, but called as witnesses his father, S.B.'s aunt, brother, stepfather, and a child protective services investigator. None of these witnesses were eye-witnesses to the alleged offenses.

**Summary and Submission**

The undisputed evidence shows that the sexual assault of a child alleged in the first count of the indictment occurred on September 1, 1997. The complainant testified that this penetration of her female organ by appellant's finger occurred only once. Although inherent in this evidence would be a touching of the genitals—an indecency with a child by contact—there was no prosecutorial effort to show any other offense occurred at the same time. There was no evidence that would permit a jury rationally to find that if appellant was guilty, he was guilty only of the lesser included offense. *Cf. Westerbrook v. State* 29 S.W.3d 103, 113 (Tex. Crim. App. 2000); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).

The evidence showed that on a number of occasions other than September 1, 1997, and during a period of approximately a year and a half, appellant touched and rubbed S.B.'s genitals underneath her clothing. Although the prosecutor never established dates for these other touchings, the times established were within the State's allegation of "on or about" the 1st day of September 1997 as alleged in the second count of the indictment. *See Sledge*, 953 S.W.2d at 256. The interrogation of the complainant and counselor Graham by the prosecutor clearly distinguished

between the sexual assault on September 1, 1997, and the multiple acts of indecency with a child by contact (touching complainant's genitals) prior to September 1, 1997.[6]

The trial court submitted both offenses to the jury in accordance with the indictment's allegations rather than as a primary offense and an alternative legal theory. The trial court also instructed the jury that the State was not bound by the allegation of "on or about the 1st day of September 1997" in accordance with article 21.02(6) of the Code of Criminal Procedure.[7] There was no objection to the trial court's jury instructions and no claim of a double jeopardy violation.

The jury returned separate verdicts, general in nature, finding appellant guilty of each count "as charged in the indictment." Where the jury returns a general verdict finding a defendant guilty as charged in the indictment, the verdict must be applied to the phase of the offense which is supported by the evidence. *Vasquez v. State*, 665 S.W.2d 484 (Tex. Crim. App. 1984).

### Preservation of Error

With this background, we now confront the preservation of error issue. In *Gonzalez*, the Court of Criminal Appeals held that the defendant forfeited his multiple punishments double jeopardy claim "by failing to preserve, in some fashion, a double jeopardy objection at or before the charge [was] submitted to the jury." 8 S.W.3d at 642. The *Gonzalez* court noted that past case law

---

[6] There was evidence of "touchings" after September 1, 1997, but the prosecutor did not sufficiently develop the facts to show that these "touchings" met the allegations of the second count of the indictment alleging touching of the genitals.

[7] The prosecutor in his jury argument discussed this instruction. He stated in part: "Based on your common sense, I think everybody realizes it's hard to know exactly the date something occurred. And . . . in the cases of sexual assault of children, it's hard for them to pin down a day, especially after there have been many multiple occasions of sexual abuse."

on the preservation of double jeopardy error had not been "a model of clarity." *Id*. at 642-43. The court then articulated a revival test explaining when a double jeopardy claim may be raised for the first time on appeal or on collateral attack:"when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record *and* when enforcement of usual rules of procedural default serves no state interest." *Id*. at 643 (emphasis added).[8]

After finding that the defendant there had forfeited his multiple punishments double jeopardy claim by failing to make a trial objection, the *Gonzalez* court applied the aforementioned revival test and found that "the face of the record" failed to demonstrate a multiple punishments violation and that legitimate state interests would have been served by a trial objection. *Id.* at 645-46.

Some courts interpreting *Gonzalez* have simply held that in the absence of a trial objection a double jeopardy claim cannot be raised for the first time on appeal, excluding any mention or discussion of the two-pronged revival test. *See Hernandez v. State*, 28 S.W.3d 660, 669 (Tex. App.—Corpus Christi 2000, pet. ref'd); *Mallet v. State*, 28 S.W.3d 603, 607 (Tex. App.—Corpus Christi 2000, pet. filed on ineffective assistance of counsel issue only); *Hernandez v. State,* 10 S.W.3d 812, 817-18 (Tex. App.—Beaumont 2000, pet. filed).

In *Murray v. State*, 24 S.W.3d 881, 888-89 (Tex. App.—Waco 2000, pet. ref'd), the court appli*ed the* Gonzalez test and found both prongs satisfied, but rejected the double jeopardy

---

[8] The use of the word "and" indicates that the court intended the *Gonzalez* test to be a two-pronged test.

claim holding that the aggravated sexual assault of a child and the indecency with a child offenses were two separate offenses, not the same offense. *Id*. at 889.[9]

Appellant concedes that he failed to make the required trial objection under *Gonzalez* and he forfeited his right to raise his double jeopardy claim for the first time on appeal. However, appellant contends that an application of *Gonzalez's* two-pronged test will excuse his procedural default. He urges that the undisputed facts show a double jeopardy violation that is clearly apparent on the face of the record[10] and in the instant case the usual procedural rules serve no legitimate state interests.

---

[9] *Murray* did note the procedure established by *Gonzalez* and added: "This puts double jeopardy claims in an odd category under our preservation requirement principles." *Murray v. State*, 24 S.W.3d 881, 888 n.2 (Tex. App.—Waco 2000, pet. ref'd.).

The Beaumont Court of Appeals in *Hernandez*, 10 S.W.3d 812, 818(Tex. App.—Beaumont 2000, pet ref'd), stated: "Indeed, if the error is a forfeitable right as *Gonzales* suggests by modern sensibilities the incurability of the error is irrelevant to the issue of whether the complaint has been preserved. *See Cockrell v. State*, 943 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993)." The Beaumont Court, taking note that *Gonzalez* had acknowledged past case law on the preservation of double jeopardy claims had not been a model of clarity, added: "The tradition continues." *Hernandez*, 10 S.W.3d at 818 n.1.

[10] How broad is "the face of the record" for the purpose of the *Gonzalez* test? The Court of Criminal Appeals did not address this issue. "Face" means "1. The surface of anything, esp. the front, upper, or outer part <the face of the clock>." Black's Law Dictionary 609 (7th ed. 1999). Certain civil cases have held that "face of the record" means "all papers on file in the appeal including the statement of facts." *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (involving a former writ of error review); *Fowler v. Quinland Indep. Sch. Dist.*, 963 S.W.2d 941, 943 (Tex. App.—Texarkana 1998, no writ) (involving Tex. R. App. P. 30 (repealed)). Contra, *Gourmet, Inc. v. Hurley*, 552 S.W.2d 509, 512-13 (Tex. Civ. App. 1977, no writ) (as to statement of facts).

Anticipating this issue and keeping in mind the other point of error, much of the background of this case has already been noted. Assuming appellant has satisfied the *Gonzalez* test,[11] we conclude from an examination of the record appellant has not demonstrated a double jeopardy violation on the face of the record and that a trial objection would have served no legitimate state interest. We hold that appellant forfeited his right to raise for the first time on appeal a double jeopardy violation by failing to object at trial. Moreover, he has failed to sustain his burden of proof to revive that right under the two-pronged test of *Gonzalez*.

**Double Jeopardy**

If we are wrong regarding appellant's preservation of error, we will examine appellant's claim that he was punished twice for the same offense. The double jeopardy bar applies only if the two offenses are the same offense. *See Ex parte Gregerman*, 974 S.W.2d 800, 803 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Appellant acknowledges that the element of indecency with a child by contact—"with intent to arouse and gratify his sexual desire"—as alleged in the second count of the indictment is not an element of the sexual assault of a child as alleged in the first count of the indictment. Under the *Blockburger-Parish* test this would seem to prevent the two offenses from being the same for double jeopardy purposes. *See Blockburger v. United States*, 284

---

[11] The *Gonzalez* court did not expressly set forth whose burden it was to meet the two-pronged test described or the standard of proof to be applied. In deciding the first prong of the test had not been met, the *Gonzalez* court did state: "Appellant, therefore, has not sustained his appellate burden of presenting a record showing on its face any multiple punishments violations." *Gonzalez v. State*, 8 S.W.3d 640, 645 (Tex. Crim. App. 2000). While this may well place the burden on the appellant, the language used is somewhat indicative of bringing forward the necessary record rather than meeting the burden of demonstrating from the face of the record already before the appellate court that an undisputed double jeopardy violation was involved.

U.S. 299, 304 (1932); *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994); Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981); *see also Missouri v. Hunter*, 459 U.S. 359, 366 (1983). However, appellant argues the contrary in light of *Cunningham v. State*, 726 S.W.2d 151 (Tex. Crim. App. 1987). In *Cunningham*, the defendant was indicted solely for aggravated sexual assault of a child. In a bench trial, the defendant pleaded not guilty. The trial court found that the evidence did not prove penetration of the child's mouth by the defendant's penis as alleged but nevertheless convicted the defendant of the unindicted offense of indecency with a child by exposure. On appeal, the court of appeals found indecency with a child was not a lesser included offense of the charged offense and ordered an acquittal of the conviction for indecency with a child. *Cunningham v. State*, 694 S.W.2d 629 (Tex. App.—San Antonio 1985). The Court of Criminal Appeals reversed. The court concluded that while the aggravated sexual assault statute does not by its terms require a specific intent to arouse or gratify sexual desire as does the offense of indecency with a child, an actor may nevertheless act with such intent when he causes or attempts to cause his penis to penetrate a child's mouth. If in such a case the evidence of penetration fails, the defendant may be convicted of indecency with a child by exposure as a lesser included offense. *Cunningham*, 726 S.W.2d at 155.

In *Ochoa v. State*, 982 S.W.2d 904 (Tex. Crim. App. 1998), the defendant was indicted, *inter alia*, for aggravated sexual assault and indecency with a child by contact on or about June 16, 1994. The evidence revealed that the defendant sexually assaulted his six-year-old niece by penetrating either her female sexual organ or anus. On this evidence, the jury convicted him for both aggravated sexual assault of a child by penetration and indecency with a child by contact. The State

14

contended on appeal that the two offenses were not the same under the *Blockburger* test and it was therefore permissible to convict the defendant of both without a double jeopardy violation.

Citing *Cunningham*, the *Ochoa* court concluded that indecency with a child by contact was a lesser included offense of aggravated sexual assault of a child *under the circumstances shown*. "Because there was evidence of only one offense committed by [the defendant], we hold that the State should have elected which offense upon which it would proceed or, in the alternative, received a submission of the offense of indecency with a child to the jury only as a lesser included alternative to the offense of aggravated sexual assault." *Ochoa*, 982 S.W.2d at 908. The State is not entitled to seek convictions for two offenses where the evidence at trial shows that only one was committed. *Id*.

Appellant relies upon *Cunningham* and *Ochoa* to contend that because the greater inclusive and lesser included offenses arose from the same conduct, they were the same for double jeopardy purposes. *See Blockburger*, 284 U.S. at 304; *Parrish*, 869 S.W.2d at 354. We disagree. *Cunningham* and *Ochoa* are clearly distinguishable from the instant case on the facts and circumstances. Moreover, the record evidence demonstrates that appellant committed more than one act—penetrating the complainant's female sexual organ with his finger on September 1, 1997, and touching her genitals on several other dates. On these facts, indecency with a child is not a lesser included offense of the greater inclusive offense of sexual assault of a child. *Murray*, 24 S.W.3d at 889 (citing *Ochoa*, 982 S.W.2d at 908).[12] The first point of error is overruled.

---

[12] We believe that the same result would be reached under the *Blockburger-Parrish* test, although the precondition for employing that test (that the two offenses involve the same conduct) is absent. *See Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999).

15

## Ineffective Assistance of Counsel

In his second point of error, appellant asserts that "defense counsel was ineffective in failing to object to a jury charge that improperly authorized the jury to convict appellant of multiple offenses." It is clear from the argument advanced that appellant is claiming that counsel was ineffective for not objecting on the basis of a double jeopardy violation that the sexual assault of a child and the multiple acts of indecency with a child by contact were the same offense.[13] Appellant's claim is limited to a specific objection.

Our discussion in point of error one makes clear that appellant would not have been entitled to have the objection sustained if it had been made. *See Anguiano v. State*, 706 S.W.2d 759, 763 (Tex. App.—San Antonio 1986). Counsel is not required to urge futile or meritless objections to jury charges to avoid a claim of ineffective assistance. *See Patrick v. State*, 906 S.W.2d 481, 496 (Tex. Crim. App. 1995); *Rodriguez v. State*, 899 S.W.2d 658, 668 (Tex. Crim. App. 1995). We shall nonetheless examine appellant's claim in light of the record and the case law.

A defendant is entitled to the reasonably effective assistance of counsel. *Stafford v. State,* 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). However, a defendant is not entitled to

---

[13] The State argues that defense counsel's decision not to request an election between the multiple acts of indecency with a child did not constitute ineffective assistance of counsel, citing *Brown v. State*, 6 S.W.3d 571, 577 (Tex. App.—Tyler 1999, pet. ref'd.). This, however, does not appear to be the thrust of appellant's argument.

The State does make clear that the proof of the multiple acts of indecency with a child which resulted in a conviction under the second count of the indictment can never be used as the basis of another valid prosecution. *Brown,* 6 S.W.3d at 576; *see also Crocker v. State*, 573 S.W.2d 190 (Tex. Crim. App. 1978).

errorless counsel or counsel whose competency is judged by hindsight. *Id*. The United States Supreme Court has promulgated a two-pronged test to determine whether representation was so inadequate that it violated a defendant's Sixth Amendment right to counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* analysis has been adopted by the Texas Court of Criminal Appeals and applies to claims arising under article one, section ten of the Texas Constitution. *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). First, the trial counsel's performance must fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. This deficiency must be of the extent that counsel failed to function as counsel. *Yates v. State*, 917 S.W.2d 915, 920 (Tex. App.—Corpus Christi, 1996, pet. ref'd). Second, the deficient performance must have prejudiced the defense by "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 689. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffective claim." *Id.* at 700.

The burden of proving ineffective assistance of counsel is on the appellant by a preponderance of the evidence. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case. *Ex parte Scott*, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979). A reviewing court looks to the totality of the representation and the particular circumstances of each case. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). The defendant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Thompson v. State*, 9

17

S.W.3d 808, 813 (Tex. Crim. App. 1999). To defeat this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Moreover, the defendant must overcome the presumption that the challenged conduct cannot be considered sound trial strategy. *Jackson,* 877 S.W.2d at 771.

In support of his claim, appellant urges one act of omission. While a single egregious error of commission or omission may be sufficient, *Thompson*, 9 S.W.3d at 813, we have only the appellate record here to evaluate the claim. Reviewing courts are hesitant to declare counsel ineffective based on a single alleged miscalculation. *Id.* at 814.

When claiming ineffective assistance for failing to object, a defendant must demonstrate that if trial counsel had objected, the trial court would have committed error in refusing to sustain the objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *Brown v. State,* 6 S.W.3d 571, 575 (Tex. App.—Tyler 1999, pet. ref'd). Here, based on our discussion, the trial court could have properly overruled the objection appellant claims counsel should have made. Counsel cannot be faulted under the circumstances. Appellant asserts that his trial counsel should have been aware of the 1998 case of *Ochoa* previously discussed and objected to the jury charge on that basis. While the prosecution is not entitled to seek convictions for two offenses when the trial evidence shows that only one was committed, *Ochoa*, 982 S.W.2d at 908, the contrary is true when the trial evidence reflects that two offenses were committed by separate and distinct acts. *Murray*, 24 S.W.3d at 889 (citing *Ochoa*, 982 S.W.2d at 908). Indeed, appellant's trial counsel may have been well aware of *Ochoa* and did not object in light of the evidence.

18

Because the record on direct appeal provides no reference to explain why counsel failed to object to the jury charge, appellant has failed to rebut the presumption that such conduct was reasonable trial strategy. Appellant has not satisfied his burden under *Strickland*. The second point of error is overruled.

The judgment is affirmed.

_____

—

_____                    John F. Onion, Jr., Justice

Before Justices B. A. Smith, Yeakel and Onion[*]

Affirmed

Filed:   June 7, 2001

Do Not Publish

Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).